CRANE v. BEECHER et al.

(*Supreme Court, General Term, First Department.* July 9, 1889.)

1. EXECUTION—SUPPLEMENTAL PROCEEDINGS.
    Where two proceedings supplementary to execution have been taken against different persons, either of whom has sufficient property of the judgment debtor to satisfy the judgment, an order directing the examination of a third person by supplemental proceedings affords an unnecessary method of collecting the judgment, and should be vacated.

**2. SAME—RECEIVER—PROPERTY ACQUIRED AFTER APPOINTMENT.**
Code Civil Proc. N. Y. §§ 2468, 2469, provide that the property of a judgment debtor vests in a receiver appointed in supplemental proceedings at the time of his appointment, but that he obtains no title to property of the debtor acquired after his appointment. There was property due the judgment debtor by the terms of a will which had been probated prior to the receiver's appointment. *Held*, that this was not property acquired after the appointment of the receiver.

Appeal from special term, New York county.

The plaintiff, Lewis S. Crane, obtained a judgment against the defendant Herbert Foote Beecher, one of the legatees of Henry Ward Beecher, deceased. By supplemental proceedings, the examination of W. C. Beecher, one of the executors of the will, was commenced, but adjourned by stipulation; the judgment debtor and executor agreeing to pay the judgment out of the first money received from the legacy, and that a receiver might be appointed for that purpose if necessary. The judgment creditor then obtained an order for the examination of a bank officer, which resulted in the appointment of a receiver, who brought suit, and obtained a judgment against the bank. This judgment the executor and judgment debtor offered to pay, less the costs. The offer was refused, and the judgment creditor then obtained an order for the examination of Henry B. Beecher, another of the executors of the will. This order the judgment debtor moved to dismiss, which motion being denied, he appeals. Code Civil Proc. N. Y. §§ 2468, 2469, provide that the property of a judgment debtor vests in a receiver appointed in supplemental proceedings at the time of his appointment, but that he obtains no title to property acquired by the debtor after his appointment.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*W. C. Beecher*, for appellant.   *Edwin R. Leavitt*, for respondents.

BRADY, J. The plaintiff, having obtained a judgment against the defendant Herbert Foote Beecher, applied for and obtained an order for the examination of Henry B. Beecher upon proceedings supplementary, on an allegation that the latter had personal property of the judgment debtor. The order requires his appearance on March 27, 1889. The allegation mentioned was based upon the facts that Henry Ward Beecher, the defendant's father, died in March, 1887, leaving a large estate, and a last will and testament, upon which letters testamentary were issued to the executors named, one of whom was Henry B., already mentioned, and William C. Beecher, both of whom took possession of and administered the estate. The debtor was, under the will, entitled to his portion, and it was supposed that enough of that was embraced within a dividend which could then be made by the executors. The plaintiff had, however, prior to this proceeding, applied for an order requiring William C. Beecher to attend and be examined as a third party having property of the debtor, and it was granted, returnable on the 1st of February, 1888. The proceeding against him was based upon the assertion that he had property of the debtor, as one of the executors of the will mentioned. He was duly examined, but the proceeding resulted in a stipulation as follows: "It is hereby stipulated and consented that the undersigned will pay to the plaintiff herein the plaintiff's claim herein in full, from the first moneys coming to the executors on account of the defendant herein, and that these proceedings be adjourned to a date to be fixed by mutual consent. W. C. BEECHER. H. F. BEECHER. By W C. BEECHER, Atty. Adjourned on consent to one month from date, same time and place, and that Charles O'Connor be appointed receiver herein in event of any necessity therefor. Dated New York, Feb. 1st, 1888. EDWIN R. LEAVITT, Plff. Atty. W. C. BEECHER." The plaintiff did not, however, comply with its provisions, and for the reasons assigned, which he regarded as satisfactory, applied for and obtained an order for the examination of an officer of the Mechanic's Bank, as the representative of a corporation having property of the judgment debtor,

and such proceedings were had thereon that a receiver was appointed, and an action brought by him against the bank, on which judgment in his favor was obtained. This order was returnable on February 2, 1888. The plaintiff had, therefore, before the order requiring the examination of Henry B. Beecher, two proceedings against different persons having property of the defendant, either of which, as the sequel proved, would have yielded more than enough to pay the plaintiff's debt. The proceeding against the bank was induced, it would seem, by a discovery that a sum of money, due and sent to the debtor, had not passed through the bank to him, but which the plaintiff was induced to believe had been paid him, by certain statements or suggestions of William C. Beecher, upon or subsequent to his examination, and which induced and resulted in the stipulation already mentioned. The plaintiff's counselors appear to have been impressed with the conviction that there was a design to evade the payment of the judgment, and this spurred them to measures that would seem to have been unnecessary, namely, those adopted against the bank, and which, strictly considered, were hostile to the terms of the stipulation, and objectionable as creating too many methods for the recovery of the money. The stipulation made by the executors was one which could have been enforced; and would not have been given in all probability, had it not been the intention of those gentlemen to pay the judgment. Indeed, this design was further demonstrated and confirmed by the offer of the 6th of March, 1889, made before the order appealed from was granted, to pay the original judgment and interest, if the judgment against the bank were satisfied; and which was declined, seemingly for the reason that there was no proposition made or suggested for receiver's fees and costs, charges and counsel fees. It is quite natural that the executors should not be willing to pay for what was regarded as unnecessary litigation, and for the plaintiff to expect full remuneration for the expenses incurred in the effort to get his money. In the legal aspect of the case presented, it is quite clear that the application for the order to examine Henry B. Beecher, after the examination of his co-executor, was unauthorized, unless it appeared by proper averment that the debtor had since that examination acquired other property which should be applied to the payment of the judgment, and indeed that the judgment against the bank was not in itself a sufficient security; and, further, that the receiver appointed did not, by his appointment, become vested with the right secured to the debtor by the will. It cannot be said that the receiver did not succeed to those rights. They clearly existed when he was appointed, subject only to such conditions and burdens as were imposed by the testator, or resulted from the terms of the will.

It is said on behalf of the respondent that under the provisions of the Code (sections 2468, 2469) the appointment of a receiver herein in supplementary proceedings is no bar to an examination such as is under consideration, for the reason that he has no title to property acquired after the receiver's appointment. Although this is the correct statement of the general rule, it has no application here, inasmuch as the rights of the judgment debtor were determined by the will, and the estate acquired thereunder was vested in him at the time of the appointment of the receiver. The right of the judgment debtor under the will was to real and personal estate, which vested in him at the time of his father's death. It would seem, therefore, to be impossible that an affidavit could be made of subsequently acquired property as to that. This fact in itself is sufficient to show that the proceedings which resulted in this appeal, as already suggested, were unnecessary, and should not have been maintained. For these reasons the order appealed from should be reversed, with $10 costs and the disbursements of the appeal. All concur.