HYMAN v. SEGAL.

(Supreme Court, Appellate Term. June 23, 1904.)

1. MUNICIPAL COURT—ORDER—APPEALABILITY OF ORDER.

An order in the Municipal Court discharging a levy made by an officer under an execution issued on a judgment from such court is not appealable.

2. SAME—EXECUTION—LEVY—DISCHARGE.

The Municipal Court act (Laws 1902, p. 1579, c. 580, § 314) provides that, if an appellant desires a stay of execution, he must give a bond for

the payment of any execution returned unsatisfied, not less than twice the amount of the judgment, and provides that a copy of the undertaking, with a notice of the delivery thereof, must be served with the notice of appeal. Code Civ. Proc. § 1311, provides that where the security on appeal from the final judgment in the Municipal Court is equal to that required to perfect an appeal to the Court of Appeals, which is $500, the court in which the judgment appealed from was rendered may make an order, on notice to respondent and the sureties, discharging the levy on personal property taken by virtue of the execution issued on the judgment appealed from. Section 20, p. 1496, of the Municipal Court act, provides that the provisions of the Code of Civil Procedure shall apply to the Municipal Court as far as the same can be made applicable. On the day on which the property of a defendant was taken under execution, he filed a bond under section 314, and served a notice of appeal, and service of a copy of the undertaking was made on the marshal who levied the execution; and thereafter he filed a bond in the sum of $500 under section 1311, and an order was made requiring the marshal to turn over all the property levied on by virtue of the execution. *Held*, that the order was proper.

Appeal from Municipal Court.

Action by Robert Hyman against Barnet Segal. From an order discharging a levy made under an execution issued on the judgment in favor of plaintiff, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Morris Meyers, for appellant.
Flugelman & Bach, for respondent.

FREEDMAN, P. J. Judgment was rendered herein in favor of the plaintiff on December 4, 1903. An execution was immediately issued to the marshal, under which he levied upon certain personal property belonging to the defendant, and took the same into his possession. On the same day the defendant filed a bond in the sum of $300—being more than double the amount of the judgment—and served a notice of appeal. Under section 314 of the Municipal Court act (Laws 1902, p. 1579, c. 580), this action, after service upon the marshal of a copy of the undertaking, properly certified, etc., stayed further proceedings under the execution. Thereafter the defendant made a motion to vacate the levy aforesaid, which motion was denied by an order made February 1, 1904. On February 4, 1904, the defendant filed a new undertaking, in the sum of $500, containing the usual condition covenanting to pay the amount remaining due upon the judgment after the return of an execution wholly or partly unsatisfied, and upon March 8, 1904, again made a motion for an order requiring the marshal to turn over to the defendant all the property levied upon by him by virtue of the execution issued herein, upon payment to him of his fees, etc. This motion was granted, and from such order the plaintiff appeals.

This order is not one from which an appeal can be taken. Leavitt v. Katzoff (Sup.) 86 N. Y. Supp. 495. If, however, we were called upon to pass upon the question, we should be inclined to hold that the defendant's practice was correct. Section 1311 of the Code of Civil Procedure provides that:

"* * * Where the security given upon an appeal taken from a final judgment in * * * the Municipal Court of the city of New York is equal to that required to perfect an appeal to the Court of Appeals [which is the sum of $500] the court in which the judgment appealed from was rendered * * * may make an order upon notice to the respondent and the sureties in the undertaking discharging the levy upon personal property by virtue of the execution issued upon the judgment appealed from."

This section, in express terms, is made applicable to the Municipal Courts, and no provision for the discharge of a levy is contained in the Municipal Court act. The undertaking provided for in section 314 of that act, and the service of a certified copy as provided in section 316, p. 1580, merely "stays further proceedings" under the execution. The first undertaking given by the appellant herein was insufficient in amount to enable him to invoke the provisions of section 1311, being in the sum of $300 only. The last undertaking was in the required amount, and the appellant complied with section 1311, in the giving of the proper notice, etc., to obtain the order. It is true, section 314 of the Municipal Court act, referring to the undertaking to be given by the appellant if he desires a stay, declares that "a copy of the undertaking with notice of the delivery thereof must be served with the notice of appeal." It would seem that such a provision should be held to be directory, merely, and not mandatory. There is no good reason why an adequate bond, securing the respondent according to law, cannot be filed, and notice thereof given to enable the respondent to except to the sureties; such filing to be made at any time after an appeal is taken. Such undertaking, however, if given in double the amount of the judgment, would not entitle the appellant to an order vacating any levy theretofore made, unless the amount of the undertaking was in the sum of at least $500. If the contention of the plaintiff herein was correct, once a levy was made under an execution, and the property of the appellant taken into possession of the marshal, the personal property so levied upon must there remain, with keeper's or storage charges accumulating thereon, during the pendency of the appeal, although the respondent at the same time was also secured by an undertaking in twice the amount of the judgment rendered. Section 20, p. 1496, of the Municipal Court act, permits the application of section 1311 to the practice in Municipal Courts—the same not being in conflict therewith—and it would appear that the only way a judgment debtor could take to procure the discharge of a levy pending appeal would be by following the provisions of that section. Nor does it seem material that in this case it was the second bond given. The first was insufficient to authorize the discharge of the levy. The second was as much a bond "given upon an appeal" as the prior one. It conformed to law, the sufficiency of the sureties was not questioned, and they were clearly liable for any amount remaining unpaid upon any judgment plaintiff might obtain.

Appeal dismissed, with costs.

SCOTT, J., concurs. MacLEAN, J., concurs in the result.