In the Matter of the Examination of the FIRST NATIONAL BANK OF EARLVILLE in Proceedings Supplementary to Execution upon the Application of GILBERT L. ELLIS, Judgment Creditor, Respondent, under a Judgment Recovered in an Action Entitled :

Supreme Court, County of Madison, N. Y.

GILBERT L. ELLIS *v.* ADELBERT RUGG and MARY RUGG.

ADELBERT RUGG and MARY RUGG, Judgment Debtors, Appellants.

*Supplementary proceedings — examination of a third party — an affidavit on information and belief which does not state the sources thereof is insufficient — right of the judgment debtors, when enjoined, to move to vacate the order.*

An affidavit, used on a motion for the examination of a third party in proceedings supplementary to execution, alleged upon information and belief, without stating the sources of the affiant's information nor the grounds of his belief, that the third party, a bank, had in its possession personal property of the judgment debtors exceeding ten dollars in value. Such affidavit stated that the cashier of the bank, who had charge of its business, made statements to the affiant from which he believed that the bank had such property, but the affidavit did not disclose what the cashier said to the affiant.

*Held,* that the affidavit was insufficient to sustain the order;

That the judgment debtors were entitled to attack the order, particularly as such order enjoined the bank from paying over or delivering their property to the judgment debtors, and enjoined the judgment-debtors from interfering with such property.

APPEAL by Adelbert Rugg and another, judgment debtors, from an order of the county judge of Chenango county, entered in the office of the clerk of the county of Chenango on the 14th day of March, 1904, denying the said judgment debtors' motion to vacate an order made by said county judge on the 1st day of March, 1904, to examine the First National Bank of Earlville by its cashier and to vacate the injunction order therein contained.

The judgment creditor, Ellis, recovered judgment against Adelbert and Mary Rugg on October 24, 1898, for $838.75 debt, and $18.05 costs. A transcript thereof was duly filed and docketed in Chenango county November 14, 1898, and execution issued the same day. On November 23, 1903, on the application of Ellis, an order was granted in supplementary proceedings against such debtors, by the county judge of that county, to examine the First National

Bank of Earlville as a person having property belonging to such debtors, under section 2441 of the Code of Civil Procedure. A motion was subsequently made before such judge to vacate that order, and a decision made by him to vacate it, but before it was entered, and on March 1, 1904, such judge made a second order requiring the bank to appear on March fifth before a referee therein named, and through its cashier, Guy H. Clark, be examined under oath concerning any debt or property, etc., it held belonging to said debtors, as provided by said section 2441. Such order also enjoins the bank and the said debtors from disposing of, or in any manner interfering with, the property or debt concerning which the bank was required to be examined "until further direction in the premises."

On March 5, 1904, such county judge, on the application of said judgment debtors, granted an order that said Ellis show cause before him at chambers on March seventh why such order of March first should not be dismissed on several grounds therein stated. On March fourteenth an order was made by such county judge denying the motion to vacate the order of March first, and amending the same by adding to it language making it clear that the injunction in such order was not intended to affect any property other than that on deposit, or in its control, to the credit of the said debtors, or either of them, or in which they, or either of them, have an interest. From the order of March fourteenth, so refusing to vacate the order of March first, this appeal is taken.

*George P. Pudney,* for the appellants.

*C. A. Hitchcock* and *Dayton F. Smith,* for the respondent.

PARKER, P. J.:

One of the grounds upon which the judgment debtors applied to the county judge to vacate the order of March first was that he had no jurisdiction to make it, because of the insufficiency of the affidavit upon which it was granted. It was granted upon the affidavit of E. W. Cushman, made February 24, 1904, and his statement therein that the bank had personal property of the judgment debtors exceeding ten dollars in value is made entirely upon information and belief, and does not state the "sources of his information and

the grounds of his belief." Substantially it states no more than that the cashier of such bank, who had charge of its business, made statements to him from which he believes that the bank had such property. What the cashier said to him is not disclosed. Not a single fact is stated which would tend, if true, to convince the judge that the bank had any such property — merely that from what the cashier said to him the affiant thinks it had. This was not "competent written evidence" which should satisfy a judge, and hence the applicant was not entitled to the order. "The opinion of the affiant is not a fact upon which the judge's conclusion may be based." (*Duparquet* v. *Fairchild*, 49 Hun, 471, 472; *First National Bank* v. *Wallace*, 4 App. Div. 382, 384; *Matter of Parrish*, 28 id. 22; *Delafield* v. *Armsby Co.*, 62 id. 262; *Citizens' National Bank of Towanda* v. *Shaw*, 46 Hun, 589.) And particularly should such an affidavit be held insufficient to sustain an injunction against the disposal of one's property.

It is claimed that the judgment debtors have no standing in court to oppose the order in question.

But the order enjoins the bank from paying over or delivering to them their property, and it even enjoins them from interfering with such property. For that reason they have the right to challenge the sufficiency of the proof upon which the county judge assumed to grant the order.

For these reasons, without discussing the further grounds urged by the judgment debtors against the jurisdiction of the county judge, the order appealed from must be reversed, with costs of this appeal, and the order of March first should be vacated, with ten dollars costs of that motion.

All concurred.

Order reversed, with ten dollars costs and disbursements, and the order of March 1, 1904, vacated, with ten dollars costs of motion.