In the Matter of Louis Litsky, Judgment Creditor, against Fulton Operating Corp., Judgment Debtor.

City Court of the City of New York, Special Term, Bronx County, May 7, 1947.

*Monfried & Monfried* for judgment debtor.

*Vincent N. Donatone* for judgment creditor.

BONEPARTH, J. Motion by judgment debtor to vacate subpœnas in supplementary proceedings, heretofore served upon the judgment debtor and upon the National Bronx Bank, as a

third party, containing the usual restraining provisions. The subpœnas were based upon a judgment rendered in the Municipal Court, Bronx County, against the Fulton Operating Corp., on April 1, 1947.

After the service of the subpœnas and on April 14, 1947, the judgment debtor served and filed a notice of appeal from that judgment and also filed a surety company undertaking on appeal, in twice the amount of the judgment, as provided by section 159 of the New York City Municipal Court Code (L. 1915, ch. 279).

The debtor now moves under section 787 of the Civil Practice Act to vacate and set aside the subpœnas.

The judgment creditor opposes this application and urges that pursuant to section 159 of the Municipal Court Code, the taking of the appeal and the filing of the bond only stays " further " proceedings, that is, proceedings subsequent to the filing of the bond. That is true. The filing of the undertaking on appeal, in and of itself, operates as a stay of further proceedings. (See, also, Civ. Prac. Act, § 573.) But proceedings to enforce the judgment, taken before the filing of the appeal and undertaking are subject to court action. (*Stricker* v. *Wakeman,* 13 Abb. Prac. 85, 86.)

It is specifically provided by section 689 of the Civil Practice Act, that when an appeal from a judgment has been perfected, and security given, the court in which the judgment appealed from was rendered may make an order, " * * * discharging a levy upon personal property made by virtue of an execution issued upon the judgment appealed from. * * * "

The creditor urges that the appeal has not been perfected, as the appellant, debtor, has not served his case. In this, the creditor is in error. All that is necessary to perfect the appeal to the Appellate Term, is the timely serving and filing of a notice of appeal. (N. Y. City Mun. Ct. Code, §§ 156, 157; *Mirick* v. *Hill,* 30 N. Y. S. 853; *Parks* v. *Murray,* 109 N. Y. 646.)

If the creditor, in this case, had levied upon the bank account of the debtor, the latter could, upon application to the Municipal Court, have the levy discharged, on motion, on notice to the creditor and the sureties. (Civ. Prac. Act, § 689; *Hyman* v. *Segal,* 44 Misc. 226.)

But we are not dealing with a prior levy, and this court is not the court which rendered the judgment, and therefore section 689 of the Civil Practice Act is not applicable.

Section 787 of the Civil Practice Act, under which the debtor moves, reads in part, as follows: " An order * * * issued under this article [supplementary proceedings] may be vacated

or modified by the judge or justice who made * * * the same, but if made or issued without notice, such order * * * or a subpœna may be vacated or modified by any judge or justice of the court upon notice to the party or attorney at whose instance such order was made or warrant issued." (Words in brackets supplied.)

It is no objection to an application under this section, that the judgment debtor and not the third party applies to vacate a subpœna served on the third party. The subpœna restrains the third party bank from paying out the debtor's funds, and the debtor may attack it. (*Matter of First Nat. Bank of Earlville*, 99 App. Div. 20, 22.)

It is to be noted that section 787 of the Civil Practice Act sets forth no grounds as the basis for invoking the court's action thereunder.

" Every court of record, unless restrained by positive enactment, has the power, on motion, to vacate its judgment or process to prevent a perversion thereof or to frustrate oppression." (*Morgan* v. *Holladay*, 6 Jones & Sp., 117, 126–127; see, also, 15 C. J. S., Courts, § 108, p. 813.)

So that, it is obvious, that under section 787 of the Civil Practice Act process in supplementary proceedings may be vacated, under the inherent power above-mentioned, as well as for procedural defects.

Here, by subpœnas issued out of this court the bank account of the debtor has been immobilized. Under the present status herein, neither the debtor nor the creditor, stayed by the appeal and undertaking can do anything about the account. The debtor has given a surety bond on appeal. He cannot apply to the court which rendered the judgment, to release the account.

In *Stricker* v. *Wakeman* (13 Abb. Prac. 85, *supra*) the court said at page 86: " * * * the taking of an appeal from the judgment, and giving the security prescribed by the Code, although they operate as a stay of proceedings and prevent a sale of property levied upon, do not operate to discharge a previous levy * * *. But the court has power, in the exercise of its discretion in its equitable control over its own judgments and process, to do both, if the ends of justice or the prevention of unnecessary * * * hardship requires it. And it should be done when there is no suggestion that the appeal is not taken in good faith, or that the security given on the appeal is not ample to secure * * * the amount of his recovery, if the judgment should be affirmed." (See, also, *Chase* v. *Beecher*, 53 Hun 635, *sub nom. Crane* v. *Beecher*, opinion in 6 N. Y. S. 225.)

If a prior levy may be vacated where an appeal has been perfected and an appeal bond given, a subpœna, with a restraining provision, may, under similar circumstances, be set aside.

But the practice for vacating a subpœna should conform to the practice for vacating a levy, under similar circumstances, as indicated in section 689 of the Civil Practice Act. The notice of motion should be addressed to the surety as well as the respondent, creditor.

Since the making of this motion, however, the debtor has filed a waiver of notice of motion and consent to the vacating of the subpœnas, duly executed by the surety company.

There is no suggestion here that the appeal is not taken in good faith, or that the undertaking filed is not ample.

Accordingly the motion of the debtor to vacate the subpœnas heretofore served on the debtor and the third party bank and the restraining provisions therein, is granted. Order signed.