(21 Misc. Rep. 45.)

### SINSHEIMER et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term.  July 29, 1897.)

1. CARRIERS OF GOODS—DELIVERY—EVIDENCE OF TITLE.

Defendant, a carrier, sent to plaintiffs, the consignees of certain goods, a notice that the goods had arrived at destination, such notice bearing a request to return it when calling to pay charges, and a statement that all orders for the delivery of goods must give the number of the car and date of freight bill.  Plaintiffs handed this notice to their truckman, who lost it, and some third person presented it to defendant, and received the goods. *Held*, that such notice furnished no such evidence of title as to justify defendant in delivering the goods, upon its production, without ascertaining that the delivery was being made to the consignee.

2. SAME—COURSE OF DEALING.

*Held*, further, that evidence that the defendant's truckman, who was duly authorized to receive their goods, had been accustomed to take them from the carrier on production of similar notices, furnished no proof of a course of dealing such as to bind the plaintiffs to a recognition of the notice as evidence of title.

Appeal from First district court.

Action by Jacob Sinsheimer and others against the New York Central & Hudson River Railroad Company.  From a judgment for defendant, and from an order denying a new trial, plaintiffs appeal.  Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles S. Haight, for appellants.

Walter W. Adams, for respondent.

BISCHOFF, J.  The plaintiffs were the consignees of a case of goods admittedly received by the defendant for transportation from Herkimer, N. Y., under a contract calling for its delivery to plaintiffs at defendant's St. John's Park station, in this city.  Upon the arrival of the case, a form of notice was sent to plaintiffs, describing the package, and bearing a memorandum as to freight charges, which in this instance were marked as paid.  Besides this, the paper contained the statements:

"The above-described property has arrived at this station consigned to your address.  If not removed within twenty-four hours, it may be stored at the risk and expense of the owner, this company being no longer liable as carriers."

"Return this notice when you call to pay charges."

"All orders for delivery of goods must give number of car and date of freight bill."

Immediately upon the receipt of this notice, the plaintiffs handed it to their truckmen, Jackson & Co., with directions to call for the case; but it appears that the paper was lost, mislaid, or stolen after coming into the latter's possession, and fell into the hands of some person in no way connected with them or with the plaintiffs, which person, on the same day, presented the notice to the defendant, and obtained the goods.

In this action, brought for the value of the consignment, the defendant sought to justify the delivery to the stranger as in effect a delivery to the plaintiffs, induced by their act, or the act of their agents, in suffering the notice of arrival to leave their possession,

and that performance of the carrier's duty, as imposed by law, to make delivery only to the consignee or to his authorized agent, was in this instance excused. As to the general proposition that the carrier making delivery to any person other than the consignee or his agent does so at its peril, there can be no question (McEntee v. Steamboat Co., 45 N. Y. 34; Scheu v. Railway Co., 10 Hun, 498; Hutch. Carr. § 375); but the contention of the defendant proceeds upon the theory that the paper notice sent to the plaintiffs furnished evidence of title to the goods shipped, sufficient to justify a delivery to the party in whose hands the paper was found, and that the loss of the goods was the natural result of the plaintiffs' negligence in losing this paper. Certainly, the paper itself bore no such import. It was a notice of arrival simply, and was void of any. negotiable attributes such as the law recognizes. As a memorandum to facilitate the settlement of freight charges, its production by the consignee was requested, according to its form; but it distinctly looked to the further production of an order where application for the goods was made by a person other than he to whom the notice was sent.

It is claimed, however, that, by a course of dealing between these parties, special significance was to be given to this paper, as a recognized badge of title to the goods described, acceptable by the defendant from any person, and furnishing full protection for its delivery of those goods. This is based upon the testimony of the plaintiffs' witness Jackson, of the firm of truckmen employed by the plaintiffs, to the effect that his firm was in the habit of receiving goods for the consignees from the defendant's station upon the production of the arrival notices only. Granting this fact, and conceding the plaintiffs' knowledge of it, the evidence must be held insufficient to excuse the failure of delivery in this case. The course of dealing, so far as shown, involved merely a delivery to the duly-authorized agent of these plaintiffs, upon their exhibiting the memorandum which the consignees, if applying in person, were requested to produce; but the custom did not embrace deliveries to any person who might possess the paper. No knowledge or acquiescence, attributable to the plaintiffs, was shown with regard to a course of dealing wherein the paper notice was accepted as evidence of the bearer's agency. Presented by the actual agent, whose authority was to be ascertained by the defendant, the paper was presumably received for what it purported to represent,—a memorandum of freight charges; and, if it had truly been the defendant's custom to take the paper as sufficient evidence of the truckman's agency, this was not a part of the plaintiffs' transactions with this company, which, by a systematic course of negligence, could not cast upon the consignees the duty imposed upon it by law, as a common carrier. Our conclusion is that the loss of the paper notice by the plaintiffs' agents did not operate to excuse the defendant's failure of delivery, and that the judgment in its favor cannot be sustained.

. There is also an appeal from an order made in this case denying the plaintiffs' motion for a new trial, but our determination of

the appeal from the judgment would render discussion upon the merits of the order unnecessary, even if we could review it, which we have no power to do. The jurisdiction of this court over appeals from the district courts exists by force of the statute, and the enactment relating to appeals from orders of these courts authorizes a review solely where a new trial is granted. Laws 1896, c. 748.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. Appeal from order dismissed, with costs. All concur.