(23 Misc. Rep. 329.)

## KRAETZER v. THOMAS et al.

(Supreme Court, Appellate Term.  April 27, 1898.)

1. TRIAL—MOTION TO DISMISS—WAIVER.

At the close of the plaintiff's case, in an action in the city court, the defendants moved to dismiss for insufficiency of proof, and excepted to the denial of the motion, but did not renew the same at the close of their own case, nor ask the direction of a verdict, and no exceptions were taken to the charge nor were any requests to charge submitted by defendants. *Held*, that there was an unequivocal concession by defendants that there were questions of fact to be passed upon by the jury, and that there was some evidence tending to support the plaintiff's case.

2. APPEAL—REVIEW—MOTION TO SET ASIDE VERDICT.

It is not proper to take an exception to the denial of a motion to set aside a verdict in the city court of New York and for a new trial, made upon the minutes of the judge after the rendering of the verdict, and such an exception raises no question for review by the appellate term of the supreme court.

3. SAME.

The proper practice is to enter an order expressing the determination of the court upon the motion, but the affirmance of such an order by the general term of the city court is final.

4. SAME—REVIEW.

Upon appeals to the appellate term of the supreme court from the city court after a trial has been had, only orders granting new trials and questions of law, raised by proper exceptions in the course of the trial, can be considered.

Appeal from city court of New York, general term.

Action by Albert Kraetzer against Emil Thomas and others. From a judgment of the general term affirming a judgment on a verdict in favor of plaintiff (49 N. Y. Supp. 1005), defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.:

John L. Branch, for appellants.
John Hill Morgan, for respondent.

BEEKMAN, P. J.  At the close of the respondent's case the attorney for the appellants moved to dismiss on the ground of the insufficiency of the respondent's proofs.  The motion was denied, and an exception was taken to the ruling of the court.  There was no renewal of the motion, however, at the close of the appellants' case, nor was the direction of a verdict asked for, but the case was submitted by the court to the jury without any question being made as to the propriety of this course.  No exceptions were taken to the charge of the trial justice, nor were any requests to charge submitted to him by the attorney for the appellants.  There was, therefore, an unequivocal concession on his part that there were questions of fact in the case which should be passed upon by the jury, and that there was some evidence tending to support the respondent's cause of action.

The exception taken to the denial of the motion to set aside the verdict and for a new trial, made upon the minutes of the judge after the verdict had been rendered, raises no question for review here.  An exception is not proper in such a case, but an order ex-

pressing the determination of the court upon the motion must be made and entered. This, it is true, was done here, but, as an order denying a motion for a new trial is not appealable to this court, the affirmance by the general term below of the order in question was final. Upon appeals to this court from the city court after a trial has been had, only orders granting new trials and questions of law raised by proper exceptions in the course of the trial can be considered. As there are no exceptions presenting any grounds for reversal, it follows that the judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.