charge such liabilities. He should be allowed some judicial discretion in the matter, and, while his ex parte determination is not conclusive against the note makers (Sands v. Kimbark, 27 N. Y., at page 153; Cuykendall v. Corning, 88 N. Y. 129), his assessment should be sanctioned and upheld, unless items appear therein which are clearly illegal, or it is in some substantial respect unjust and oppressive to those affected by it. The assessment by the receiver is, in this instance, open to no such criticism. "There is no necessity for a receiver to prove all the facts upon which he or the company allowed the losses for which the assessment was made. All he is required to show is that sufficient claims for losses have been presented to the company, or to him, which he allowed, to make up the sum for which he assessed the notes." Sands v. Hill, supra. The assessment made herein is sanctioned, and its validity sustained.

The other questions involved having been already decided adversely to the defendant's contention (Raegener v. McDougall, 33 App. Div. 231, 53 N. Y. Supp. 484; Same v. Hubbard [Sup.] 56 N. Y. Supp. 173), there must be judgment for the plaintiff for the amount claimed, with costs.

---

(26 Misc. Rep. 412.)

PASCOCELLO v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term. February 24, 1899.)

1. APPEALABLE ORDER.
    An order made before trial denying a motion to transfer a cause is an interlocutory order.

2. SAME—REFUSAL OF CHANGE OF VENUE.
    Under Laws 1896, c. 748, § 1, limiting the authority of the supreme court to entertain appeals from orders of the district court to certain enumerated cases; and New York City Charter, § 1367, giving the court the same jurisdiction with respect to orders of the municipal court,—an order denying a motion to transfer a cause from one borough of New York City to another is not appealable.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Luigi Pascocello against the Brooklyn Heights Railroad Company. From an order denying a motion to transfer the cause, defendant appeals. Dismissed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

George M. Curtis, Jr., for appellant.
Morris Cukor, for respondent.

LEVENTRITT, J. The plaintiff instituted this action in the municipal court of the city of New York, borough of Manhattan, for the Second district, to recover from the defendant corporation damages for personal injuries. At the time of the commencement of the action, the plaintiff was, and he has since continued to be, a resident in that district. The defendant, claiming to transact its general business within the borough of Brooklyn, and having no agency or office for that purpose in the borough of Manhattan, made a motion to transfer

the cause to the First district of the borough of Brooklyn. From the order made upon the denial of that motion, the defendant has taken an appeal, which the plaintiff moves to dismiss, upon the ground that this court has no jurisdiction to entertain it.

The order sought to be reviewed is an interlocutory order. The jurisdiction of this appellate term over appeals from municipal courts exists solely by force of statute. Sinsheimer v. Railroad Co., 21 Misc. Rep. 45, 46 N. Y. Supp. 887. It is provided by section 1367 of the charter, creating those courts, that:

"An appeal from a judgment rendered in the municipal court of the city of New York may be taken to the supreme court in the cases and in the manner prescribed in articles first and second of title eight of chapter nineteen of the Code of Civil Procedure."

Those provisions of the Code applied to appeals from the district court, and are now, by section 1367 of the charter, made applicable to appeals from the municipal court. They did not permit appeals from any orders of the district court. Wensley v. Randolph, 9 Misc. Rep. 457, 30 N. Y. Supp. 239; Nicholson v. Moriarty, 13 Misc. Rep. 244, 34 N. Y. Supp. 57.

It required, therefore, special statutory enactment to invest the appellate court with power to review appeals from orders. Laws 1896, c. 748, conferred authority upon the appellate tribunal to entertain appeals from certain specified orders of the district court. This court has only the same limited jurisdiction with respect to orders of the municipal court. By section 1 of that chapter it is provided that:

"An order of a justice opening a default and setting aside, vacating or modifying a judgment entered thereon, or an order setting aside the verdict of a jury and vacating or modifying a judgment entered thereon, or an order vacating or modifying a judgment rendered by a justice without a jury, shall recite and contain the grounds for the order, and from the order an appeal shall lie as from a judgment in said court."

The orders enumerated are the only ones appealable, and are limited to such as are subsequent to trial or judgment. The order under consideration is interlocutory, made before trial, and cannot be reviewed in this court. Robb v. Osgoodby, 20 Misc. Rep. 622, 46 N. Y. Supp. 451; Sinsheimer v. Railroad Co., 21 Misc. Rep. 45, 46 N. Y. Supp. 887; Rosenthal v. Grouse, 12 Daly, 532; Kraetzer v. Thomas, 23 Misc. Rep. 329, 51 N. Y. Supp. 209. The motion to dismiss the appeal must be granted.

Motion to dismiss granted, with $10 costs to the respondent. All concur.