## TRENKMANN v. SCHNEIDER.

(Supreme Court, Appellate Term. April 16, 1900.)

1. TRIAL—MOTION TO DISMISS—WAIVER.

Where the plaintiff, at the close of the evidence, did not move for a direction of verdict in his favor, an exception to an order overruling a motion for a new trial, based on the insufficiency of evidence, will not warrant the court in considering the sufficiency of the evidence, on appeal, as, by failing to ask for the direction of a verdict, he conceded that there were questions of fact to be passed on by the jury.

2. SAME—REVIEW—FAILURE TO ACCEPT.

When there were no exceptions taken to the instructions, they will not be reviewed on appeal.

3. SAME.

When a judgment of the trial term of the city court of New York has been affirmed by the general term, the appellate term of the supreme court, on a further appeal, cannot consider rulings to which no exceptions were taken.

Appeal from city court of New York, general term.

Action by August Trenkmann against Minnie L. Schneider. From a judgment in favor of the defendant and from an order overruling a motion for a new trial (61 N. Y. Supp. 920), plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Edward S. Clinch, for appellant.
Theodore Sutro, for respondent.

PER CURIAM. The only exception taken by the plaintiff during the course of the trial was to the denial of the motion to set aside the verdict and for a new trial, which, however, raises no question for review here. Kraetzer v. Thomas, 23 Misc. Rep. 329, 51 N. Y. Supp. 209.

The plaintiff did not, at the close of the evidence, move for a direction of a verdict in his favor. Hence there was a concession on his part that these were questions of fact which should be passed upon by the jury.

Every request made by the plaintiff was charged by the trial justice, and, having taken no exception to the charge, he must be deemed to have been satisfied with it, and the manner in which the case was submitted to the jury.

The judgment rendered at the trial term of the city court of New York having been affirmed by that court at general term, we cannot, in the absence of a proper exception, consider the other grounds urged by the appellant upon this appeal. Machauer v. Fogel, 21 Misc. Rep. 637, 47 N. Y. Supp. 1056; Kraetzer v. Thomas, supra.

The judgment must therefore be affirmed, with costs.