### MOONEY v. McGUIRK.

(Supreme Court, Appellate Term. April 16, 1900.)

1. PROCESS—SERVICE—AUTHORITY TO SERVE—PRESUMPTION.
   It will be presumed, where the contrary does not appear, that a person serving a precept issued out of the municipal court of the city of New York was authorized by the justice so to do.

2. JUDGMENTS—SUMMARY PROCEEDINGS—OPENING AND VACATING.
   Under Laws 1896, c. 748, the municipal court of the city of New York has power to open defaults taken in summary proceedings.

3. APPEAL—DECISIONS REVIEWABLE IN SUMMARY PROCEEDINGS.
   The appellate term of the supreme court has no jurisdiction to entertain an appeal from an order of the municipal court denying a motion to open a default judgment in summary proceedings.

Appeal from municipal court, borough of Manhattan, Tenth district.

Summary proceedings by Christopher Mooney, as executor, against Patrick McGuirk. From a final order in summary proceedings, and from an order denying a motion to open a default judgment, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

John T. Booth, for appellant.
Thomas J. Purdy, for respondent.

O'GORMAN, J. The validity of the final order is assailed by reason of the omission in the record of a certificate showing that the person who served the precept was duly authorized so to do by the justice. The objection, however, is not well taken. In such a case it will be presumed, where the contrary does not appear, that the justice gave the requisite authority to the process server. Hess v. Smith, 16 Misc. Rep. 55, 27 N. Y. Supp. 635. The order, therefore, cannot be impeached for want of jurisdiction. The justice erred, however, in assuming that the court was without power to entertain the tenant's motion to open the default. Although it was decided in Cochran v. Reich, 20 Misc. Rep. 593, 16 N. Y. Supp. 441, that a justice of the district court had no power to open a default in summary proceedings, this is no longer the law. Under the statute as amended (Laws 1896, c. 748), such power may be exercised by a justice of the municipal court. As there is no appeal, however, from an order of the municipal court denying a motion, we cannot reverse for the error complained of. Sinsheimer v. Railroad

Co., 21 Misc. Rep. 46, 46 N. Y. Supp. 887; Boyd v. Milone, 24 Misc. Rep. 734, 53 N. Y. Supp. 785.

The appeal from the order denying tenant's motion to open the default is dismissed, and the final order in the proceeding affirmed, with costs. All concur.