### COHEN v. RIDGEWOOD SHIRT CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. APPELLATE TERM—JURISDICTION—APPEALS FROM ORDERS.
   The jurisdiction of the Appellate Term over appeals from orders exists solely by force of statute.

2. MUNICIPAL COURTS—PRACTICE—SETTING ASIDE JUDGMENTS—TIME OF MOTION.
   Municipal Court Act, § 254 (Laws 1902, p. 1563, c. 580), provides that a motion to vacate or modify a judgment rendered upon a trial by the court may be made on exceptions taken at the trial, or because the verdict is excessive, etc. Section 253, p. 1562, provides for the opening of a default. Section 255, p. 1563, provides for a new trial on the grounds of fraud or newly discovered evidence. Section 310, p. 1578, provides for an appeal to the Supreme Court from judgments rendered, or from final orders in summary proceedings, or from other orders theretofore provided. No other sections provide for appeals from orders of the Municipal Court. Held, that orders denying a motion to set aside a judgment of dismissal, and for costs to defendant, if embraced in any of the sections above set out, are within section 254, and hence the motion must have been made, as provided in said section, either at the time of trial, or within five days from the time the judgment was rendered.

Appeal from Municipal Court, Borough of Manhattan.

Action by Samuel Cohen against the Ridgewood Shirt Company. From orders refusing to set aside a judgment of dismissal, defendant appeals. Dismissed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

A. D. Sugarman, for appellant.
Henry Kuntz, for respondent.

FREEDMAN, P. J. The action was in replevin. The summons therein was returnable February 9, 1903. The plaintiff made default in appearing, and thereupon the defendant moved to dismiss the complaint, with costs, which motion was granted. On the 24th of April, 1903, the defendant moved to set aside and vacate the judgment of dismissal and costs in favor of the defendant, for the purpose of being allowed to prove its damages for the detention of the property taken by the plaintiff under the requisition in this action. It appears from the moving papers that the marshal, under the replevin process, seized a number of sewing machines owned by and in use by the defendant;

that several days elapsed between the taking of the machines by the marshal and the return of the same to the defendant; and by this motion the defendant sought to be allowed to open the judgment of dismissal, and to prove its damages for the detention of the property, etc., during the time it was in the hands of the marshal. The motion was denied, and after a reargument it was again denied, and the defendant appeals from the two orders denying said motions.

The jurisdiction of the Appellate Term over appeals from orders exists solely by force of statute. Pascocello v. Brooklyn Heights R. Co., 26 Misc. Rep. 412, 56 N. Y. Supp. 177. Section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580) provides that a motion to set aside a verdict of a jury, or to vacate, amend, or modify any judgment rendered upon a trial by the court without a jury, must be made upon exceptions taken on the trial, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law, provided said motion is made at the time of the trial, or within five days from the time the judgment was rendered. If by any construction of that section the appellant herein could be said to have had the right to the relief asked for, he failed to comply with the requirement therein contained that such relief should be applied for within five days; and that section, and sections 253, 255, and 310 (pages 1562, 1563, 1578), are the only other sections of the Municipal Court act that provide for appeals from orders made in the said court, and the orders appealed from in the case at bar do not come within the purview of either of these sections. Whatever power the court below may have had to either grant or refuse the relief asked for, it is clear that no appeal lies from the orders made by it.

Appeal dismissed, with costs. All concur.