### LEAVITT v. KATZOFF et al.

(Supreme Court, Appellate Term. February 4, 1904.)

1. MUNICIPAL COURT—JURISDICTION—LIMITATION BY STATUTE.
   The Municipal Court is purely a creature of statute, and has no jurisdiction not specially conferred thereby.

2. SUPREME COURT—APPELLATE TERM—JURISDICTION—STATUTE—LIMITATIONS.
   The power of the Appellate Term to entertain appeals is purely statutory.

3. MUNICIPAL COURT—APPEALS—APPEALABLE ORDERS.
   An order of the Municipal Court, refusing to vacate an order of arrest, is not an appealable order within Municipal Court Act (Laws 1902, pp. 1562, 1563, c. 580, §§ 253–257), as it is not expressly enumerated therein; nor does section 20, p. 1496, of the act, providing that the provisions of the Code of Civil Procedure not in conflict with those of the Municipal Court Act shall apply to the Municipal Court as far as applicable, render the order appealable, as that section is not intended to give initial jurisdiction to the Municipal Court, but merely prescribes a method of procedure for carrying out the jurisdiction given by the act itself.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Leavitt against Max Katzoff and another. From an order denying a motion to vacate an order of arrest, defendants appeal. Dismissed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Max Goldberg, for appellants.
Steuer & Hoffman, for respondent.

FREEDMAN, P. J. This is an appeal from an order made by a justice in the Municipal Court denying defendants' motion to vacate an order of arrest. A motion to dismiss this appeal was also made, and the motion and appeal were ordered to be heard and considered

together. The motion to dismiss the appeal was made upon the ground that the order made in the court below was not appealable. The decision of this question, if adverse to the appellants, will dispose of the appeal. The Municipal Court act has not in terms provided for an appeal such as here taken, but the appellant urges that, as section 20 of that act (Laws 1902, p. 1496, c. 580) provides that the provisions of the Code of Civil Procedure not in conflict with the provisions of the Municipal Court act shall apply to the Municipal Court so far as the same can be made applicable, and that as sections 1340 to 1343 provide for an appeal from an inferior court to the Supreme Court from an order affecting a substantial right, that, therefore, an appeal from an order as made herein will lie, and the court has power to hear and determine the same. The Municipal Court is purely a creature of the statute, and has no jurisdiction not specially conferred thereby. Under the former statutes applicable to that court it has been held that an appeal from interlocutory orders, or orders other than those expressly enumerated in the statute, would not lie; and the power of this court to entertain appeals is also purely statutory. Pascocello v. Brooklyn Heights R. R. Co., 26 Misc. Rep. 412, 56 N. Y. Supp. 177. For other instances, see Gansevoort Bank v. Altshul, 26 Misc. Rep. 6, 55 N. Y. Supp. 733; Rosenthal v. Grouse, 12 Daly, 529, 532; Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238; Schwartz v. Schendel, 23 Misc. Rep. 476, 51 N. Y. Supp. 415; Adolph v. Klein, 23 Misc. Rep. 701, 52 N. Y. Supp. 32; and Starr v. Silverman, 25 Misc. Rep. 784, 55 N. Y. Supp. 611. Under the present law the only orders appealable (section 311, p. 1578) are those enumerated in sections 253–257, pp. 1562, 1563, of the said act. Moreover, I think that section 20 of the Municipal Court act cannot be construed to confer upon the Municipal Court jurisdiction or authority not given thereto by the act itself. It was clearly not the intent of the Legislature to provide that every section of the Code of Civil Procedure not in conflict with the provisions of the Municipal Court Act could be invoked in aid of litigants in that tribunal, but only such sections thereof, within the limits as above stated, as would aid in carrying into effect its terms. Initiatory action must have first been fixed and determined by the act, and then for the purpose and methods of procedure, and to effectuate the final result sections of the Code of Civil Procedure might be resorted to in aid of and as auxiliary to the act itself. To hold otherwise would be, in effect, extending the jurisdiction and authority of the Municipal Court far beyond the point contemplated by the statute. This court has held that certain sections of the Code of Civil Procedure might be resorted to, by virtue of section 20 of the Municipal Court act, in furtherance of the provisions of that act. Austen v. Columbia Lubricants Co. (App. Term, Oct. 1903, concurring opinion) 85 N. Y. Supp. 362. This want of power may work a hardship, but the remedy is with the Legislature, and not in the courts. The motion to dismiss the appeal must be granted, and the appeal dismissed.

Motion to dismiss appeal granted, with $10 costs. All concur.