## FELDMAN v. SIEGEL et al.

### (Supreme Court, Appellate Term. March 24, 1904.)

1. VACATING ATTACHMENT—APPEAL.

     An order vacating an attachment is not appealable.

2. SAME—DISMISSAL OF ACTION.

     Where the summons in an action against copartners was personally served on one of them, the action should not be dismissed on vacating an attachment therein, under Laws 1902, p. 1519, c. 580, § 90, providing that the vacation of an attachment does not affect the jurisdiction of the court to determine the action, where the summons was personally served on the defendant, or where judgment may be taken against him as being indebted jointly with another defendant who has been summoned.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Samuel Feldman against Jacob Siegel and another. From an order vacating an attachment and dismissing the action, plaintiff appeals. Modified.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Charles Firestone, for appellant.

Goldfogle, Cohn & Lind, for respondents.

SCOTT, J. The order appealed from, in so far as it vacates the attachment, is not appealable. Leavitt v. Katzoff (Sup.) 86 N. Y. Supp. 495. It goes further, however, and dismisses the action. This was not authorized. Section 90, c. 580, p. 1519, Laws 1902, provides that the vacation of the attachment does not affect the jurisdiction of the court to hear and determine the action, where the defendant has appeared generally in the action, or where the summons was served personally upon him, or where judgment may be taken against him as being indebted jointly with another defendant who has been thus summoned or has thus appeared. In the present case the claim seems to be against the defendants as copartners, and the return shows that the summons was personally served upon the defendant Siegel. Hence, although the justice may have been right in vacating the attachment, he should have retained the action.

The order must be modified by striking out so much thereof as purports to dismiss the action, which should be remitted to the Municipal Court for disposition. No costs of this appeal to either party. All concur.