## SPIEGELMAN v. UNION RY. CO.

(Supreme Court, Appellate Division, Second Department.  June 3, 1904.)

1. COURTS—COSTS—TAXATION—MOTION TO REVIEW—APPEAL.

Municipal Court Act (Laws 1902, p. 1589, c. 580) § 342, provides that a taxation of costs may be reviewed by the justice of the Municipal Court within five days after the entry of judgment, and that, unless such review is asked for, such taxation shall not be thereafter questioned on appeal.  The orders of the Municipal Court from which appeal may be taken, as specified in sections 253–257 (pages 1562, 1563), do not include an order denying a motion for a retaxation of costs.  *Held*, that no appeal lies from an order of the Municipal Court denying a party's motion for a review of the taxation of costs, made under an order of the Supreme Court on disposing of the cause on appeal.

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Samuel Spiegelman against the Union Railway Company.  From an order denying a motion to review the taxation of costs under an order of the Supreme Court on appeal, defendant appeals.  Dismissed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William E. Weaver, for appellant.

Herman Gottlieb, for respondent.

PER CURIAM.  Upon an appeal herein by the defendant the judgment in favor of the plaintiff was affirmed, with costs.  Speigelman v. Union Railway Co., 86 App. Div. 632, 83 N. Y. Supp. 1117. Upon the taxation of costs in the Municipal Court under our order of affirmance, the clerk allowed the respondent an item of $15 "incurred for copying the stenographer's minutes" as a necessary disbursement upon the appeal.  The defendant subsequently moved in the Municipal Court for a review of the taxation and a disallowance of this item.  The motion was denied, and from the order denying the application the present appeal is taken.

We are of opinion that the Municipal Court act does not permit an appeal from an order of this character.  The orders, as distinct from judgments in that court, from which appeals may be taken are specified in sections 253, 254, 255, 256, and 257 of the Municipal Court act (Laws 1902, pp. 1562, 1563, c. 580), and in none of these sections is any mention made of an order denying a motion for the retaxation of costs.  The jurisdiction of this Appellate Division to review orders made in the Municipal Court, like the jurisdiction of the Appellate Term in the First Department in similar cases, exists solely by force of statute.  Cohen v. Ridgewood Shirt Co. (Sup.) 84 N. Y. Supp. 188; White v. Lawyers' Surety Co. (Sup.) 84 N. Y. Supp. 247.  While it may seem very desirable that the appellate tribunal should have power to determine whether the Municipal Court has complied with its direction in taxing the disbursements allowable as part of the costs upon appeal, we cannot exercise such jurisdiction in the absence of any legislative enactment conferring it

upon us. The appellant refers to section 342 of the Municipal Court act (Laws 1902, p. 1589, c. 580) as indicative of the legislative intent that we shall exercise such power. That section provides that a taxation of costs may be reviewed by the justice of the Municipal Court within five days after the entry of judgment, and that unless such review is asked for such taxation shall not be thereafter questioned on appeal. It is plain, however, that the appeal therein contemplated is an appeal from the judgment, and not an appeal from a separate order reviewing the taxation. As it appears to be the practice of the Municipal Court, after the affirmance of a judgment in this court, to enter a new judgment containing the costs on appeal as fixed by the clerk upon the taxation thereof, it would seem that a party claiming to be aggrieved by the allowance of too large an amount for disbursements might bring the matter up for review here by an appeal from so much of the judgment as awards the amount deemed to be excessive. The appeal from the present order, however, must be dismissed.

Appeal from the Municipal Court dismissed, with costs.