(45 Misc. Rep. 618)

### TOHER v. SCHAEFER et al.

(Supreme Court, Appellate Term.  December 7, 1904.)

**1. CONTRACTS—CONSTRUCTION—DIVISIBILITY.**

Whether or not a contract is divisible is a matter to be determined from the intention of the contracting parties as ascertainable from the contract itself.

**2. SAME.**

A contract whereby plaintiff undertook to do "all the necessary excavating" for a certain building according to the plans and specifications, and defendant agreed to pay therefor "at the rate of" 40 cents per cubic yard of earth and $1.60 per cubic yard of rock removed, was an entire and not a divisible contract, all of which, both as to the earth and the rock, had to be performed by plaintiff as a condition precedent to his right of payment for any of the work.

**3. SAME—PREVENTION OF PERFORMANCE—REMEDY.**

Where one who partly performs a contract is prevented from complete performance by the act of the other party, his redress is by an action for damages for breach of the contract, alleging defendant's prevention of performance, or upon a quantum meruit for so much of the work as is done, and not by an action on the contract itself.

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Owen Toher against John V. Schaefer, Jr., impleaded with others.  From a judgment for plaintiff, defendant Schaefer appeals.  Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Charles S. Foote, for appellant.
Henry K. Davis, for respondent.

BISCHOFF, J.  The complaint was framed as in an action to foreclose a mechanic's lien claimed by the plaintiff upon a fund to which it was alleged the defendant Schaefer was entitled under a building contract with the city of New York.  Upon the trial, however, the claim of a lien was abandoned, and the action proceeded as one to recover the agreed compensation for certain work, labor, and services which the plaintiff claimed to have performed under a contract with the defendant Schaefer.  The latter denied the performance of the work, and interposed a counterclaim for damages alleged to' have resulted from the plaintiff's failure to perform.  The court below gave judgment for the plaintiff.

Pursuant to the terms of the contract the plaintiff undertook to do "all the necessary excavating for Carnegie Library #5, as per plans and specifications," and the defendant agreed to pay therefor

¶ 1. See Contracts, vol. 11, Cent. Dig. § 754.

"at the rate of" 40 cents per cubic yard of earth and $1.60 per cubic yard of rock removed. The plaintiff removed 438 cubic yards of earth, concededly all there was to be removed, and excavated 135 cubic yards of rock, and in this action claimed payment at the contract rate for the work actually done. Upon the trial it appeared that the entire quantity of rock to be removed was 1,144 yards, of which, as stated, the plaintiff had removed but 135 cubic yards.

The plaintiff should have been nonsuited for failure of proof. The action proceeded upon the theory of performance of the contract upon the plaintiff's part, counsel for the plaintiff and the court below evidently regarding the contract as a divisible one, and the plaintiff entitled to compensation at the rate agreed upon for the work actually done, although less than the work agreed to be done. To this view of the contract we do not subscribe. Whether or not a contract is divisible is a matter which rests upon the intention of the contracting parties as ascertainable from the contract itself, and the contract under review affords no ground for saying that the plaintiff expected to be paid, or that the defendant intended to make payment, in any amount whatsoever, until the entire work contracted for had been completely performed.

The plaintiff undertook to do "all the necessary excavating * * * as per plans and specifications," etc., and the fixing of a particular rate for the several kinds of work involved had no other effect than to afford a means of measuring the amount of the plaintiff's compensation upon his performance of all the work agreed to be done. Performance by the plaintiff of the contract upon his part was a condition precedent to his right of payment, there being nothing in the contract to the contrary (Tipton v. Feitner, 20 N. Y. 423, 429), and, upon the plaintiff's admission that no more than 135 cubic yards out of 1,144 had been excavated by him, the complaint should have been dismissed for failure of proof.

There was no amendment of the complaint, and, if the fact is that the plaintiff was prevented from complete performance by the act of the defendant, his redress should have been sought in an action for damages caused by the defendant's breach of contract, alleging the defendant's prevention of performance, or in one brought to recover upon a quantum meruit for so much of the work as was done.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.