### TOHER v. SCHAEFER.

(Supreme Court, Appellate Term.   March 21, 1905.)

1. MUNICIPAL COURT—APPEALABLE ORDERS—COSTS.

> Under Laws 1902, pp. 1562, 1563, c. 580, §§ 253–256, regulating appeals from the Municipal Court, an order imposing a greater sum than $10 costs as a condition for allowing an amendment to a pleading, not being mentioned in such sections, is not appealable.

2. SAME.

> Under Municipal Court Act (Laws 1902, p. 1588, c. 580) § 335, providing that the court may, in its discretion, as a condition for allowing an amendment to a pleading, require the payment of a sum not to exceed $10 as costs to the adverse party, a justice of such court can in no event impose a greater sum than $10 as a condition for allowing an amendment to a pleading.

3. SAME—REMEDY.

> Where a Municipal Court justice erroneously imposed a greater sum than $10 as a condition for allowing an amendment to a pleading, the remedy of the party aggrieved was to apply to the justice for a reargument of the motion as to the terms of the amendment.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Owen Toher against John V. Schaefer, Jr.   From an order imposing a larger sum than $10 on plaintiff as a condition of his right to amend the pleading, he appeals.   Dismissed.

See 91 N. Y. Supp. 3.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Henry K. Davis, for appellant.

Charles S. Foote, for respondent.

PER CURIAM.   The order appealed from is not one of those enumerated in sections 253, 254, 255, or 256 of the Municipal Court act (Laws 1902, pp. 1562, 1563, c. 580), and is therefore not appealable to this court.   Spiegelman v. Union Ry. Co., 95 App. Div. 92, 88 N. Y. Supp. 478;  Cohen v. Ridgewood Shirt Co. (Sup.) 84 N. Y. Supp. 188;  White v. Lawyers' Surety Co. (Sup.) 84 N. Y. Supp. 247.

While we have not jurisdiction to entertain this appeal, we deem it proper, nevertheless, to point out that under section 335, p. 1588, of the Municipal Court act, a justice of the Municipal Court can in no event impose a greater sum than $10 as a condition for allowing an amendment to a pleading.   It may be that such costs will often appear to be inadequate, especially in a case that has been appealed and comes back for a new trial, but the remedy can be found only in an amendment of the act removing the limitation upon the judicial discretion in that regard.   Plaintiff's immediate remedy for the grievance of which he complains is to apply to the justice in the Municipal Court for a reargument of the motion as to the terms of the amendment.

Appeal dismissed, with $10 costs.