### TOHER v. SCHAEFER.

(Supreme Court, Appellate Term. January 17, 1906.)

1. APPEAL—AMENDMENT OF PLEADINGS—DENIAL—DISCRETION.

    The denial of plaintiff's motion to amend his complaint will not be reversed on appeal, in the absence of an abuse of the trial court's discretion.

    [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3824.]

2. PLEADING—AMENDMENT—DISCRETION.

    Where, in an action in a Municipal Court, plaintiff, after being defeated on the cause of action alleged, applied for leave to amend his complaint by setting up an entirely new cause of action, and the terms that the Municipal Court was authorized to impose were inadequate, it was not an abuse of the court's discretion to deny such application.

    Blanchard, J., dissenting.

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Owen Toher against John V. Schaefer, Jr. From a Municipal Court judgment in favor of defendant, and from an order denying plaintiff's motion to amend his complaint, he appeals. Affirmed.

See 92 N. Y. Supp. 795.

Argued before SCOTT, P. J., and BLANCHARD and DOWL-ING, JJ.

Henry K. Davis, for appellant.
Charles S. Foote, for respondent.

SCOTT, P. J.　The case is no different now from what it was on the former appeal, and the judgment is therefore right, unless the plaintiff can prevail by reason of the denial of his motion to amend the complaint.　Such a motion is addressed to the discretion of the court below, and the determination thereon by the court below will not ordinarily be interfered with, unless such discretion has been abused.　After the determination of the first appeal the plaintiff could hope to recover only by pursuing one of two courses.　He might have paid the judgment for costs and commenced a new action, or could proceed in this action if he could get permission to amend his complaint radically, by setting up an entirely new cause of action. He chose the latter alternative.　If the action had been pending in this court, wherein there is no statutory limitation upon the power to impose conditions, the amendment would probably not have been allowed except upon payment of all costs to date.　The justice imposed that condition in granting the motion, and his action was criticised by this court, not because the condition was unreasonable, but because he exceeded the statutory authority of the Municipal Court.　Upon a reargument of the motion to amend the complaint, the justice found that he could not impose adequate terms if he granted the order, and must therefore deny the motion or grant it upon most inadequate terms.　He chose the former course, and, as I think, rightly.　The defendant had succeeded in defeating absolutely the plaintiff's claim upon the pleadings as they stood, and should not be deprived of the fruits of his success except upon reasonable terms. The denial of the motion to amend did not preclude the plaintiff from recovering upon a proper complaint, but merely required him to pay the costs of the former litigation and commence de novo.

The judgment should be affirmed, with costs.

DOWLING, J., concurs.

BLANCHARD, J. (dissenting).　The plaintiff brought an action to recover for work done under a contract calling for the removal of certain amounts of earth and rock, alleging in his complaint that said work was "at the agreed price and of the reasonable value and worth of Three hundred and Eighty-six ($386.) dollars."　A large part of the rock, which according to the terms of the contract should have been excavated, has not been removed.　Upon this ground the Appellate Term, upon the previous appeal from the judgment of the first trial, ordered the judgment for the plaintiff to be reversed.　Toher v. Schaefer, 45 Misc. Rep. 618, 91 N. Y. Supp. 3.　As the evidence upon the present trial shows the same facts, the former decision of this court must be controlling.

The contention of the plaintiff that his complaint and proofs are good as a quantum meruit count was plainly negatived by the

opinion of this court upon the former appeal. Proofs of the reasonable value of work may sometimes be available as a quantum meruit count, when the complaint alleges reasonable value as well as agreed compensation. But when, as in the present case, the proofs show that the work called for in the contract was not performed with substantial completeness, no such quantum meruit count can be established.

Upon an appeal from an order in the present case imposing upon the plaintiff the payment of a larger sum than $10 as a condition of his right to amend his complaint, this court dismissed the appeal, upon the ground that such an order was not appealable. Toher v. Schaefer, 92 N. Y. Supp. 795. This decision is not inconsistent with the view that the present appeal from the order for the defendant brings up for review the propriety of this order. An appeal from a judgment in the Municipal Court brings up for review the entire record. Thus, it has been held that an appeal from a judgment in the Municipal Court brought up for review the order denying a motion to vacate an attachment. J. H. Mohlman Co. v. Landwehr (Sup.) 83 N. Y. Supp. 1073. The power and the duty of the Municipal Court to allow an amendment of the pleadings for the promotion of substantial justice has been extended to include an amendment that involves a new cause of action. Bunke v. N. Y. Telephone Co. (Sup.) 91 N. Y. Supp. 390; Hawkes v. Burke, 34 Misc. Rep. 189, 68 N. Y. Supp. 798. Upon the appeal from the order above mentioned, this court expressed its opinion that, according to section 335 of the Municipal Court Act (Laws 1902, p. 1588, c. 580):

"A justice of the Municipal Court can in no event impose a greater sum than $10 as a condition for allowing an amendment to a pleading."

Upon the present facts, therefore, the order imposing upon the plaintiff the payment of a larger sum than $10 as a condition of his right to amend his complaint was improper, and the judgment for the defendant should be reversed.

Judgment reversed, with leave to the plaintiff to amend his complaint on payment of $10 costs.