(63 Misc. Rep. 327.)

### AVERBUCK v. HOCHLICK (two cases).

(Supreme Court, Appellate Term. May 27, 1909.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—REFUSAL TO RETAX COSTS.

An order denying a motion to retax costs in the Municipal Court is not appealable; no appeal being authorized therefrom by Municipal Court Act (Laws 1902, p. 1589, c. 580) § 342.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—TAXATION OF COSTS.

An order denying a motion in the Municipal Court to retax costs may be reviewed on appeal from the judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. COSTS (§ 3*)—RIGHT TO COSTS—STATUTE.

The power to give costs being entirely statutory, a party cannot recover costs in the absence of statute providing therefor.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1; Dec. Dig. § 3.*]

4. COSTS (§ 8*)—MUNICIPAL COURTS—DISMISSAL—WANT OF SERVICE.

Costs cannot be imposed in the Municipal Court against plaintiff on a judgment for defendant because of want of service.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Actions by Harris Averbuck against Benjamin Hochlick. From two Municipal Court judgments in favor of defendant, and from orders denying plaintiff's motion to retax costs, he appeals. Appeals from orders dismissed, and judgment reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Edgar A. Meyer (Julius J. Michael, of counsel), for appellant.
Michael Kaufman, for respondent.

PER CURIAM. Plaintiff brought two actions against a person named in the summons as Benjamin Hochlick; the name "Benjamin" being declared to be fictitious. Upon the return day of the summons the defendant appeared specially and averred that no service of the summons had ever been made upon him, and the case was adjourned. Upon the adjourned day the defendant again appeared, and the trial justice took proof upon the question of service, and upon the testimony offered decided that the defendant had never been served with a summons in either action. He thereupon gave a judgment in favor of the defendant, against the plaintiff, for costs. Thereafter the plaintiff moved for a retaxation of such costs, evidently claiming that under such circumstances no costs could be imposed, which motion was denied. Plaintiff then appealed from the judgments, and also from the orders denying his motion for retaxation of costs.

The orders, as such, are not appealable, not being one of the orders from which an appeal is provided for by the Municipal Court act (Laws 1902, p. 1486, c. 580). The right to review a taxation of costs can only be obtained by an appeal from the judgment, after a motion for retaxation has been denied. Section 342, Municipal Court Act. The appeals from the orders must therefore be dismissed.

The power to give costs is created solely by statute, and a party cannot obtain them unless he shows a statutory provision which grants them. "In the absence of a statute providing for costs none can be received." Matter of the City of Brooklyn, 148 N. Y. 107, 42 N. E. 413. Our attention has not been called to any section of the Municipal Court act that authorizes the imposition of costs upon a plaintiff in a case of this kind. Section 332, subds. 1, 5, 6, 7, and 8, provide for the allowance of costs to a defendant under the circumstances therein described; but none of those sections is applicable to the facts in this case. It follows, therefore, that the court below had no authority to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

impose costs upon the plaintiff herein in favor of the defendant, and the judgments must therefore be reversed.

Judgments reversed, with costs in each case, and appeals from orders dismissed, with $10 costs in each case. Costs of one party to be offset against those of the other.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

