(65 Misc. Rep. 42.)

### B. P. DUCAS CO. v. CONTINENTAL FINISHING CO.

(Supreme Court, Appellate Term.   November 12, 1909.)

COURTS (§ 190*)—MUNICIPAL COURT—APPEALABLE ORDERS.

Since Municipal Court Act (Laws 1902, pp. 1562, 1563, c. 580) §§ 253, 254, 255, 256, 257, specifying the orders from which appeals may be taken, do not include an order denying a motion to vacate an order, granted under section 80 (page 1516) for the examination of one refusing to give to a marshal holding a warrant of attachment a certificate as to property belonging to defendant and held by him, no appeal lies from such order; the jurisdiction of the Supreme Court to review orders of the Municipal Court existing solely by force of statute.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the B. P. Ducas Company against the Continental Finishing Company.  From an order denying his motion to vacate an order directing him to appear and submit to an examination concerning his dealings with defendant, Moses N. Berlin, a third party, appeals.  Appeal dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Herman B. Goodstein, for appellant.
Jay C. Guggenheim, for respondent.

PER CURIAM.  A third party appeals from an order denying a motion to vacate an order granted under section 80 of the Municipal Court act (Laws 1902, p. 1516, c. 580).  We are of opinion that the Municipal Court act does not permit an appeal from an order of this character.  The orders, as distinct from judgments in that court, from which appeals may be taken, are specified in sections 253, 254, 255,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

256, and 257 of the Municipal Court act. The jurisdiction of this court to review orders made in the Municipal Court exists solely by force of statute. While it may seem very desirable that the appellate tribunal should have power to review an order of this character, we cannot exercise jurisdiction in the absence of any legislative enactment conferring it upon us. Spiegelman v. Union Railway Co., 95 App. Div. 92, 88 N. Y. Supp. 478.

The appeal must be dismissed, with $10 costs.