(89 Misc. Rep. 436)

## SCHALLOCK v. WOOD et al.

(Supreme Court, Appellate Term, First Department. March 18, 1915.)

1. COURTS ⊙⟶189—MUNICIPAL COURTS—AMENDMENT OF JUDGMENT—DESIG-
NATION OF TRUE NAME.

Under Code Civ. Proc. § 1251, made applicable to the Municipal Court
by Municipal Court Act (Laws 1902, c. 580) § 20, providing that, upon
such notice to a judgment debtor as the court may direct, any court other
than the Supreme Court may amend a judgment by designating the true
name of a party, a judgment cannot be amended by notice to the debtor,
who is a nonresident of New York City, since the court had no jurisdic-
tion outside the city.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413,
429, 458; Dec. Dig. ⊙⟶189.]

2. COURTS ⊙⟶189—MUNICIPAL COURTS—AMENDMENT OF JUDGMENT—NOTICE.

Under Code Civ. Proc. § 1251, made applicable to the Municipal Court
by Municipal Court Act, § 20, providing that the name of a judgment
debtor may be amended on notice to the debtor, a notice by mail to a
debtor, addressed in a name other than the one stated in the applica-
tion for amendment, which latter is the correct name, is of no effect.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429,
458; Dec. Dig. ⊙⟶189.]

3. COURTS ⊙⟶190—MUNICIPAL COURTS—APPEALABLE ORDERS—AMENDMENT OF
JUDGMENT.

An· order amending a judgment, by designating the true name of a
debtor, not being enumerated in Municipal Court Act, §§ 253, 256, is not
appealable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⊙⟶190; Appeal and
Error, Cent. Dig. § 103.]

Appeal from Municipal Court, Borough of the Bronx, Second Dis-
trict.

Action by William Schallock, by Ernst Schallock, his guardian ad
litem, against Samuel Wood and Adolphine Martens. From an order
denying a motion to vacate an order amending the judgment, defend-
ant appeals. Appeal dismissed.

Argued February term, 1915, before GUY, PENDLETON, and
SHEARN, JJ.

Rockwood & McKelvey, of Saratoga Springs (George H. Stenacher,
of Saratoga Springs, of counsel), for appellant.

Morris Grossman, of New York City, for respondent.

GUY, J. The material facts in this case are undisputed. The
plaintiff began an action in the Municipal Court; the summons con-
taining the names of Samuel Wood and Jane Martin as defendants.
The summons states that the name "Jane" is fictitious. The summons
was personally served upon the defendant. Whether or not the de-
fendant Wood appeared is not shown, nor is it material, as the mat-
ters herein concern the other defendant only. Upon the day of trial
the name of the defendant "Jane Martin" was changed to "Adelina
Martin," and judgment was taken against her by default. This was
in December 1910. In December, 1913, a transcript of the judgment
was filed in Saratoga county, N. Y., in which county, at Saratoga

Springs, it appears the defendant had taken up her residence. Supplementary proceedings were instituted against her, and the plaintiff's attorney swears that upon such examination she "admitted that her correct name was Adolphine Martens." The plaintiff's attorney thereupon made an application for and obtained an order, from a Municipal Court justice sitting in the Second district of the Bronx, requiring the defendant to show cause at a time therein stated "why the name of the judgment debtor should not be amended, so as to read Adelina Martin, also known as Adolphine Martens." .

It is asserted by the defendant, and not disputed, that the order to show cause was directed as follows:

"Let service of a copy of these papers, by mailing the same to the above-named defendant, addressed to her at Saratoga Springs, Saratoga county, New York, on the 3d day of February, be deemed sufficient."

Defendant also asserts, which statement is not disputed, that plaintiff's attorney made such service only by inclosing a copy of the order, addressed to "Adelina Martin, Saratoga Springs, New York." The copy was never received by defendant, and she had no information regarding it until several months after an order had been entered in the Municipal Court amending the judgment in the manner requested by the plaintiff. Immediately upon ascertaining that such order was entered the defendant moved to vacate it, and upon denial of her motion appealed from the order refusing to vacate.

[1, 2] There can be no question but that the defendant's motion should have been granted. The right to have a judgment amended by inserting the true name of the person served, either before or after judgment, is well settled. Jacobson v. Semel (Sup.) 129 N. Y. Supp. 95, affirmed 150 App. Div. 925, 135 N. Y. Supp. 1119; Corn v. Heymsfeld, 75 Misc. Rep. 478, 133 N. Y. Supp. 447. But the right to amend a judgment under the circumstances disclosed in this case is attacked by the defendant, and we think successfully. Plaintiff claims that he has complied with section 1251 of the Code of Civil Procedure, which is made applicable to Municipal Courts by the provisions of section 20 of the Municipal Court Act, and is not excluded from application to that court by section 3347, subd. 8, C. C. P. Section 1251 provides that:

"Upon such notice to a judgment debtor as the court may direct any court other than the Supreme Court may order that any judgment heretofore or hereafter rendered * * * may be amended so as to designate such debtor by his .name," etc.

It will be observed, that the judgment debtor in this case, at the time the judgment against her was sought to be amended, was no longer a resident of the city of New York, or within the jurisdiction of the Municipal Court, which is limited to the city of New York. Section 9, Municipal Court Act. The power and authority of the Municipal Court does not extend beyond the city of New York, and service of process, etc., outside of the city, gives that court no jurisdiction. The order under consideration cannot be deemed an ex parte order, as the Code (section 1251) requires a notice to be given before amendment of the judgment can be made. Section 797 of the Code,

permitting service of papers in certain cases by mail, has no application to the Municipal Court, as it is expressly excluded by section 3347, subd. 8, of the Code. It may also be said that, although the plaintiff's attorney knew, as he testified in his affidavit, that defendant's "correct name was Adolphine Martens," nevertheless he addressed the envelope containing the copy of the order to show cause to "Adelina Martin," which name was not the name of the defendant, and consequently the mailing to the name of a person other than the defendant was of no effect. From any point of view, the order amending the judgment was granted without authority, and is absolutely void.

[3] Unfortunately, however, the order appealed from is not one of those orders enumerated in sections 253, 256, of the Municipal Court Act, and is therefore not appealable. Leavitt v. Katzoff, 43 Misc. Rep. 26, 86 N. Y. Supp. 495; Cohen v. Ridgewood Shirt Co. (Sup.) 84 N. Y. Supp. 188; Spiegelman v. Union R. R. Co., 95 App. Div. 92, 88 N. Y. Supp. 478; Seymour v. Feigl, 56 Misc. Rep. 439, 107 N. Y. Supp. 94; City of N. Y. v. Burns (Sup.) 107 N. Y. Supp. 742. The appeal must therefore be dismissed, but without costs.

Motion to dismiss appeal granted, without costs. Motion to strike pages 12 and 13 from defendant's brief is also granted. All concur.

