(90 Misc. Rep. 396)

### PEOPLE v. McDERMOTT DAIRY CO.

(Supreme Court, Appellate Term, First Department. May 11, 1915.)

1. COURTS &#9758;190—MUNICIPAL COURTS—APPEALS—JURISDICTION OF LOWER COURT AFTER REMAND.

    Though under Municipal Court Act (Laws 1902, c. 580) § 29, providing that in actions in the name of the people to recover penalties for the violation of any law no fees or costs shall be demanded of the people, upon reversal by the Appellate Term of a judgment for the people in an action for penalties only the costs on appeal could be allowed, and a dismissal of the complaint "with costs" was inadvertent, it could be corrected only by a motion to resettle the order, and the Municipal Court had no authority to change the order of the Appellate Term by reducing the award of costs.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. &#9758;190; Appeal and Error, Cent. Dig. § 103.]

2. COURTS &#9758;190—MUNICIPAL COURTS—APPEALS—QUESTIONS NOT RAISED BELOW.

    Where the objection that a motion to vacate a judgment for costs and to reduce the award of costs in another judgment was not made within five days, as required by Municipal Court Act, § 254, providing that a motion to vacate, amend, or modify a judgment on a verdict, or any judgment rendered upon a trial by the court, may be made upon exceptions taken at the trial, or because the verdict is for excessive or in-

sufficient damages, or otherwise contrary to the evidence, or to the law, provided such motion is made at the close of the trial or within five days from the rendition of the judgment, and section 342, providing that a taxation of costs may be reviewed by the justice within five days after the entry of judgment, was not taken in the court below, it could not be raised on appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬦══190; Appeal and Error, Cent. Dig. § 103.]

3. COURTS ⬦══190—MUNICIPAL COURTS—APPEALS—ORDERS APPEALABLE.

Where on a motion to vacate a judgment for costs in defendant's favor, on the ground that it was unauthorized by statute and contrary to an order of the Appellate Term, and to reduce another judgment for costs, an order was made striking from the one judgment the total amount of costs awarded and from the other a part of the costs awarded, such order, though it amended the judgment so far as the costs were concerned, was not one made under Municipal Court Act, § 254, relative to motions to amend, modify, or vacate judgments; it not having been based upon any of the grounds specified therein, but was an order granting a retaxation of costs and as such not appealable, but reviewable only on an appeal from the judgment as amended.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬦══190; Appeal and Error, Cent. Dig. § 103.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Two actions for statutory penalties by the People against the McDermott Dairy Company. From an order retaxing costs, in two judgments, defendant appeals. Appeal dismissed.

See, also, 149 N. Y. Supp. 906.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

J. Power Donellan, of New York City, for appellant.

Egburt E. Woodbury, Atty. Gen. (Robert P. Beyer, Deputy Atty. Gen., of counsel), for the People.

COHALAN, J. Two actions were brought in the Municipal Court by the plaintiff to recover penalties for violations of the Agricultural Law (Consol. Laws, c. 1). Defendant in the first action obtained a judgment dismissing the plaintiff's complaint, and the clerk of the court thereupon taxed costs in favor of the defendant in the sum of $22.41, and the judgment was entered on May 25, 1914, for that amount against the plaintiff. No appeal was taken from this judgment. In the second action, the plaintiff recovered a judgment against the defendant in the lower court, and upon the appeal to this court the judgment was reversed "with costs." Upon the order of the Appellate Term so drawn, the clerk of the Municipal Court taxed the defendant's costs as follows: "Costs upon appeal $30, on dismissal of complaint $20, and stenographer's minutes $8.65." In all, the costs amounted to the sum of $61.65, and judgment therefor was entered on November 19, 1914, against the plaintiff. On December 10, 1914, the Attorney General made a motion in the Municipal Court for an order

vacating the judgment entered on May 25, 1914, against the plaintiff for the sum of $22.41, upon the ground that:

"Said judgment is wholly unauthorized * * * by statute and is contrary to the order of the Appellate Term," etc.

He further asked that the judgment rendered on November 19, 1914, be "reduced from the sum of $61.06 to the sum of $30."

It appears from the moving papers that the judgments had been transposed, because no appeal had been taken from the judgment of May 25, 1914; hence no order in that case had been made in the Appellate Term. The court below, upon the hearing of the motion, made an order striking from the judgment of May 25, 1914, the total amount of costs awarded to the defendant upon the dismissal of the complaint; he also struck from the judgment of November 19, 1914, all of the costs awarded therein, except the sum of $30—the costs of reversal upon appeal—and he directed the clerk of the Municipal Court to so correct the judgment. The defendant now appeals from this order. The respondent herein asserts that the order is one retaxing costs, and therefore is not appealable. The appellant contends: (1) That the order is appealable as it seeks to amend, to vacate, and to set aside a judgment; (2) that, the motion not having been made within five days, the court below was without jurisdiction to entertain it; and (3) that with regard to the judgment of November 19, 1914, the court below had no authority to interfere with the order of this court, which imposed costs upon a reversal and upon a dismissal of the complaint.

[1] In this last contention we think the appellant is correct. The Appellate Term had made an order dismissing the complaint "with costs." The addition of these words to the dismissal of the complaint was inadvertently made, as section 29 of the Municipal Court Act especially provides that in such an action no "fees or costs shall be demanded of the people of the state of New York." This court has held that this section applies to the costs in the lower court, and not to cases on appeal. Health Dept. v. Owen, Law Journal, December 11, 1903. The court below therefore was without authority to change the order of this court, which could only be done by a motion made to resettle the same. If such a motion had been made, this court would have stricken out the dismissal costs, and allowed the costs upon the reversal to stand. The action of the court below, in striking out the costs of dismissal, entered in the judgment of May 25, 1914, was properly taken.

[2] The objection that the motion was not made within five days, as required by sections 254 and 342 of the Municipal Court Act, was not taken in the court below and cannot now be raised. Krakower v. Davis, 20 Misc. Rep. 350, 45 N. Y. Supp. 780; Scharmann v. Bard, 60 App. Div. 449, 69 N. Y. Supp. 1033; Fallon v. Crocicchia, 52 Misc. Rep. 503, 102 N. Y. Supp. 541–543.

[3] We do not agree with the appellant's claim that the order is one applied for and granted under section 254 of the Municipal Court Act, and therefore is appealable. It is true that the order in fact amends the judgment, so far as the costs are concerned, but the motion made

was clearly one for a retaxation of costs. It cannot be considered as having been made under that section, as it is not based upon the grounds specified therein for which a judgment might be vacated, amended, or modified. The order made in pursuance of the motion was an order, therefore, granting a retaxation of costs, and is not appealable. Spiegelman v. Union R. Co., 95 App. Div. 92, 88 N. Y. Supp. 478; Averbuck v. Hochlick, 63 Misc. Rep. 327, 117 N. Y. Supp. 187; Kaliski v. Kaufman, 62 Misc. Rep. 274, 114 N. Y. Supp. 811; Loewer v. N. Y. Taxicab Co., 115 N. Y. Supp. 127. If the defendant were aggrieved by the action of the lower court, he should have appealed from the judgment as amended. Spiegelman v. Union R. R., supra; Loewer v. N. Y. Taxicab Co., supra; People ex rel. Solomon v. Lang, 109 App. Div. 706, 96 N. Y. Supp. 555.

Appeal dismissed, without costs, and without prejudice to a motion to resettle order in Appellate Term. All concur.