H. B. SCHARMANN & SONS, Respondent, *v.* MOSES BARD, Appellant.

*One-half of money advanced, to be paid in weekly installments, the rest of the debt*
*remitted because of the borrower's selling the lender's beer — effect of a sale of the*
*business by the borrower — practice on the setting aside of a verdict in the New*
*York Municipal Court — failure to recite the grounds therefor — waiver.*

In an action on a note by a brewing company against a saloon keeper, it appeared
that the brewing company advanced to the saloon keeper, upon his prom-
issory note, $650 with which to procure a liquor tax certificate, under an
arrangement that the saloon keeper should buy beer from the brewing com-
pany during the year and should pay one-half of the note, or $325, in sums of
$13 each every two weeks, the remaining one-half to be remitted by the brew-
ing company in consideration of the sale to the saloon keeper of the beer
which the latter might require in the conduct of his business. The defendant
sold out the business at the end of three months, having paid the installments
of $13 every two weeks up to that time. The plaintiff claimed that the con-
tract was for a year, the defendant that it terminated on a sale of the business.

*Held*, that unless the court found that the contract terminated upon a sale of the
business, the defendant was not entitled to be credited on the note with a rebate
equal to the amount of the installments which he actually paid.

The objection that a verdict, rendered in an action brought in the Municipal
Court of the city of New York, cannot be set aside by the justice for a dis-
regard of his instructions without five days' notice pursuant to chapter 748 of
the Laws of 1896, which amended section 1367 of the Consolidation Act
(Laws of 1882, chap. 410) and is now included in section 1369 of the Greater
New York charter (Laws of 1897, chap. 378), is waived by a failure to interpose
such objection when the verdict is set aside.

The failure of the order setting aside the verdict to recite the grounds upon
which it was granted, as apparently required by the statute, may, if it be an
error, be disregarded under section 3063 of the Code of Civil Procedure.

APPEAL by the defendant, Moses Bard, from an order of a justice
of the Municipal Court, city of New York, borough of Brooklyn,
entered in the office of the clerk of said court on the 3d day of
December, 1900, setting aside the verdict of a jury rendered in favor
of the defendant and granting a new trial.

*Abram S. Jaffer,* for the appellant.

*Frank H. Vogt,* for the respondent.

HIRSCHBERG, J.:

The action is brought on a promissory note made by the defend-
ant, dated April 16, 1900, by which the defendant, for value

received, promised to pay the plaintiff on demand the sum of $650. The plaintiff is a corporation engaged in the manufacture and sale of beer, and the money secured by the note was advanced by it to pay the license fee for a liquor tax certificate to enable the defendant to carry on business for the period of one year from May 1, 1900. The evidence clearly establishes that the arrangement made at the time the money was advanced and the note given was that the defendant should buy beer from the plaintiff during the year, and that he should pay one-half of the note, or $325, in sums of $13 each every two weeks. The remaining one-half of the amount secured by the note was to be remitted by the plaintiff in consideration of the sale to defendant of the beer which the latter might require in the conduct of his business. On the trial the defendant claimed that there was no agreement for a year, but that he was to be permitted to discharge the note by the payment of $13 every two weeks, either for the year or until he sold out the business, and that if he saw fit to sell out his business at any time during the year, he could cancel the note by then surrendering the license for the plaintiff's benefit. He did sell out the business on July 29, 1900, having then paid the plaintiff the sum of $65 in installments of $13 every two weeks up to that time, and the plaintiff received in addition from the State authorities the unearned license fee of $433.33 on surrender of the certificate, amounting in all to $498.33, admitted credit upon the note. The plaintiff sued to recover the balance, viz., $151.67.

The case was submitted to the jury in a charge that the only question in dispute was whether the defendant was entitled to an additional deduction of $65, being a rebate equal to the amount which he had actually paid, and this depending upon whether the jury adopted the plaintiff's theory that the contract was for a year, or the defendant's theory that it terminated on a sale of the business. The jury was instructed in effect to render a verdict for the plaintiff in any event, for the whole sum claimed if they believed the plaintiff's witnesses, and for $65 less if they believed those examined on behalf of the defendant.

The instructions given by the justice were correct upon the proof, but were disregarded by the jury. A verdict was rendered in favor of the defendant, which the justice set aside at once and directed

that a new trial be had on a day then designated. The appellant claims that the verdict could only be set aside upon five days' notice pursuant to chapter 748 of the Laws of 1896, amending section 1367 of the Consolidation Act (Laws of 1882, chap. 410), and included in the provisions of section 1369 of the Greater New York charter (Laws of 1897, chap. 378). If the statute is to be construed as calling for such notice where the verdict is set aside upon its rendition, which I seriously doubt, especially where it is done by the court for disregard of its instructions, and accordingly without motion, the right to notice is certainly waived by a failure to object upon that ground. (*Krakower* v. *Davis*, 20 Misc. Rep. 350, and cases cited.) The order does not recite the grounds upon which it was granted as apparently required by the statute, and as certainly required when made on notice after judgment, and where the order not only sets the verdict aside, but also vacates or modifies the judgment entered thereon. The objection in this instance is purely technical, not affecting the merits, and as it clearly appears that the ground of the justice's action was the disregard of his instructions by the jury, and as a judgment upon the verdict could not be supported, we must disregard the error, if it be one, under section 3063 of the Code of Civil Procedure.

The order is affirmed, with costs.

All concurred.

Judgment of the Municipal Court affirmed, with costs.