(51 Misc. Rep. 622.)

### ROYAL BANK OF NEW YORK v. GOLDSCHMIDT.

(Supreme Court, Appellate Term. November 14, 1906.)

BILLS AND NOTES—ACTIONS—DIRECTION OF VERDICT.

In an action on a note by an indorsee against the maker, where the answer sets up that the payee delivered to the indorsee and the indorsee accepted a certain mortgage in full payment of the note sued on, and the evidence was conflicting whether the indorsee, on taking the mortgage, had agreed to return the note to the payee, it was error to direct a verdict in favor of the indorsee.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Royal Bank of New York against David Goldschmidt. From a judgment in favor of plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

George Malraison, for appellant.
John J. Crawford, for respondent.

GILDERSLEEVE, J. The pleadings are in writing. The complaint alleges the making of a promissory note by defendant payable to one Weitzenblum for $200, its indorsement by Weitzenblum, its delivery before maturity to plaintiff, its nonpayment at maturity, and protest. The answer sets up as a "separate and distinct defense" that "defendant made and executed the note in the said complaint mentioned without consideration therefor and for the accommodation of the payee thereof," and that, without the knowlege or consent of defendant, plaintiff made an agreement with Weitzenblum whereby the time for payment of the said note was extended one year. The answer then sets up as "a further separate and distinct defense" that before maturity said Weitzenblum delivered to plaintiff and plaintiff accepted a certain mortgage for $1,200 "in full payment, satisfaction, and discharge of the note sued upon herein, among other things." The case was tried before the court and a jury, and a verdict was directed for plaintiff. Defendant appeals.

It appears that Weitzenblum owed plaintiff $1,200, for which he had given his note or notes, and in addition thereto had delivered to plaintiff, as collateral security, the note in suit and two other notes, to the value of $500 or thereabouts. Before the maturity of the note in suit said Weitzenblum gave plaintiff a mortgage for $1,200. The testimony of defendant and Weitzenblum tend to show that this mortgage was given as collateral security for the loan or loans made by plaintiff to Weitzenblum, as above stated, in exchange for the notes already put up as collateral, including the note in suit, which note was to be returned to Weitzenblum. The plaintiff's president, on the other hand, testifies that the mortgage was only additional collateral for the $1,200 loan, and that there was no promise or understanding that the note in suit was to be returned to Weitzenblum. As we have seen, the answer in one separate and distinct defense sets up that the note is an accommodation one only, while in another separate and distinct defense it set up the payment of the note by the giving of the mortgage, but says nothing about the accommodation. The rule is that several defenses may be separately stated in an answer, but each defense must be complete in itself, and must contain all that is necessary to answer the cause of action, or that part of it which it purports to answer. Garrett v. Wood, 27 App. Div. 314, 50 N. Y. Supp. 950. The second defense here purports to be an answer to the entire cause of action. This defense, the plaintiff urges, would be ineffective, if the defendant had received value for the note, as he would be primarily liable on it, whoever might be the holder. If it had alleged that it was an accom-

modation note, on the other hand, it is conceded the defense would have been a good one, as in such case the maker becomes, not the principal debtor, but a surety, and if, by the giving of the mortgage, this note was to be returned to Weitzenblum, such return operated as payment of the note by Weitzenblum to plaintiff.

Under the negotiable instrument law an accommodation note is discharged by payment thereof by the party accommodated. Laws 1897, pp. 743, 744, c. 612, §§ 200, 202. The plaintiff's counsel urges that the pleading was defective, and also that under the proofs there is nothing to indicate that the note was an accommodation one, and "every note is deemed prima facie to have been given for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." Negotiable Instrument Law, Laws 1897, p. 727, c. 612, § 50. Whether the note was for accommodation or for value, the answer sets up a defense of payment, and it was error for the justice to direct a verdict on the testimony presented. The defendant's evidence, if believed, showed that no good title to the note rested in plaintiff, as it had agreed to surrender the note in return for the mortgage. This alleged agreement was denied by plaintiff's president, and a square issue of fact was presented for the jury.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.