(52 Misc. Rep. 503.)

### FALLON v. CROCICCHIA.

(Supreme Court, Appellate Term.　February 4, 1907.)

**1. CONTINUANCE—CONDITIONS ON GRANTING—COSTS—PAYM..NT.**

Nonpayment of costs, imposed as a condition of adjournment, made because of the absence of defendant's attorney, does not impair the right of defendant to take part in the trial on the adjourned day.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Continuance, § 145.]

**2. APPEAL—JUDGMENTS REVIEWABLE.**

Where a judgment is obtained by plaintiff, but defendant is wrongfully denied the right to participate in the trial, defendant may appeal from the judgment.

**3. SAME—ORDER VACATING JUDGMENT—TIME FOR TAKING APPEAL.**

Where an order vacating a judgment against defendant gives him a certain time to comply with its terms, the defendant may appeal before the time for compliance has expired.

**4. SAME—MOTION TO VACATE JUDGMENT—REVIEW.**

A motion to vacate a judgment, based upon exceptions duly taken to the ruling of the court in denying the defendant the right to defend the action, is appealable, and may be reviewed, as the prohibition of Municipal Court Act, Laws 1902, p. 1563, c. 580, § 257, applies only to appeals from orders opening defaults and vacating judgments, where application therefor is made under the provisions of Municipal Court Act, Laws 1902, p. 1562, c. 580, § 253.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 758–785.]

**5. SAME—WAIVER.**

That a motion to vacate a judgment was not made within the five days prescribed by Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, is unimportant, when no objection to the hearing of the motion was made on that ground in the lower court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1337.]

**6. JUDGMENT—VACATION—GROUNDS.**

Where a defendant was wrongfully precluded from having her day in court, she was entitled as a matter of right to have the judgment vacated.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Rose Fallon, as guardian ad litem for Annie Fallon, an infant, against Emma Crocicchia. From a judgment for plaintiff, and an order vacating the same upon the compliance by the defendant with certain conditions, defendant appeals. Judgment reversed, order vacated, and case remanded.

Argued before GILDERSLEEVE, P. J., and BLANCHARD and DAYTON, JJ.

Paul Gross (Herman Kahn, of counsel), for appellant.
Henry W. Herbert, for respondent.

BLANCHARD, J. The defendant appeals from a judgment entered against her on the 31st day of October, 1906, in favor of the plaintiff, for $491, and also from an order which vacated such judgment upon compliance with certain terms therein named.

It appears from the papers used upon the motion that after issue

was joined in the case several adjournments were had, and the case was finally reached upon October 24, 1906, at which time the case was called for trial. The defendant's attorney on the morning of that day, being engaged in the trial of an unfinished case in another Municipal Court, sent his representative to attend the call of this case, who thereupon attended in court and asked that the case be held for a short time until the defendant's attorney cou'd reach the courtroom. The case was adjourned, however, until October 31, 1906, and the defendant was ordered to pay the sum of $10 costs and a jury fee. Upon whose application this adjournment was, had there is some dispute. The record shows, however, that on said 31st day of October, 1906, when the parties appeared for trial, a jury was impaneled and sworn, and, it appearing that the defendant had failed to pay the $10 costs and the jury fee as theretofore directed, the court ordered the payment thereof before 12:30 on that day. At 12:30, upon the case being called again and all parties being present, the court, upon being informed that the costs had not been paid, precluded the defendant from further appearing in the action. The defendant and her witnesses apparently remained in court, and her counsel sought during the trial to cross-examine the plaintiff's witnesses and to object to questions asked by plaintiff's counsel, which was denied him, and was also denied the right to put in any defense, and at the close of plaintiff's case judgment was entered against the defendant upon the testimony thus adduced from plaintiff's witnesses.

Subsequently the defendant made a motion that the judgment be vacated and set aside and the case set down for trial, and the defendant be allowed to defend the action, and also to be relieved from the payment of the costs and fees imposed by the order of October 24, 1906. This motion was based upon affidavits setting forth, in substance, that on the morning of October 24, 1906, when the case was called for trial, defendant's attorney was engaged in the trial of another action in another Municipal Court, which trial had been commenced on October 23d and was not then conc'uded, and that his representative on the morning of October 24, 1906, when this case was called, asked that the trial be delayed for a short time until defendant's attorney could attend and try the case; that the court denied this application, and adjourned the trial on his own motion, and directed that the defendant pay to the plaintiff $10 costs and a new jury fee. The plaintiff, in answer to this, in his opposing affidavit describes what occurred on October 24, 1906, somewhat differently, alleging that when the case was first called the defendant applied to have the case held for the appearance of defendant's attorney, which request was granted, and that upon the second call of the calendar, which occurred about 12:30 p. m., defendant's representative again asked the court to hold the case, as defendant's counsel had not yet arrived, to which request the court insisted that the case go to trial or be adjourned for one week, and that, if the case was adjourned, he should impose the payment of $10 costs and the jury fee upon the defendant, and that thereupon the defendant's representative "adopted" the latter course, and the case was adjourned, and the costs and fee imposed as aforesaid. After hearing the motion, the court, on November 15, 1906, made an

order vacating and setting aside the judgment upon condition that the defendant deposit with the clerk of the court, on or before November 28th, the sum of $491, the amount of the judgment, as security for the payment of any judgment that might be obtained by the plaintiff, and also ordering that, in case the defendant failed to comply with the terms of said order, the motion be denied.

As before stated, the defendant appeals from both the judgment and the order. Whether or not the case was adjourned upon the court's own motion, as claimed by the defendant, in which case no terms could be imposed, or upon the request of the defendant, in which case the imposition of terms was proper (section 336, Municipal Court Act [Laws 1902, p. 1588, c. 580]), need not now be determined. The trial court was clearly in error in denying defendant the right to participate in the trial of the action, and to interpose his defense, for failure to pay such costs. Farber v. Flauman, 30 Misc. Rep. 627, 62 N. Y. Supp. 784. It is not, nor could it successfully be, claimed that a judgment obtained under such circumstances as here disclosed is not appealable, and the fact that the appeal herein was taken before the time given the defendant to comply with the terms of the order vacating the judgment had expired is no reason why such appeal should be dismissed. The judgment remained in force until the defendant had complied with the terms and conditions of the order, and the right of the defendant to resort to her remedy by appeal was available until the order had been complied with and the judgment actually vacated. The motion to vacate the judgment was evidently made under section 254 of the Municipal Court act, and was based upon the exceptions duly taken to the ruling of the court in denying the defendant the right to defend the action. Such an order is appealable, and may be reviewed; the prohibition of section 257 applying only to appeals from orders opening defaults and vacating judgments, where application therefor is made under the provisions of section 253 of the Municipal Court act.

Whether or not such motion was made within the five days prescribed by section 254, Municipal Court Act, is unimportant, as no objection was made in the lower court to the hearing of the motion upon that ground, and cannot now be urged. Krakower v. Davis, 20 Misc. Rep. 350, 45 N. Y. Supp. 780; Scharmann v. Bard, 60 App. Div. 449, 69 N. Y. Supp. 1033. The defendant was entitled as a matter of right to have the judgment vacated; the defendant having been wrongfully precluded from having her day in court. Such being the case, the judgment should have been vacated without the imposition of any conditions. Terriberry v. Mathot, 110 App. Div. 370, 97 N. Y. Supp. 20; Smith v. City of New York, 55 App. Div. 90, 66 N. Y. Supp. 1046; Marsh v. Nassau Show Case Co. (Sup.) 56 N. Y. Supp. 1083.

Judgment reversed, and order vacated, and new trial granted, with costs to appellant to abide the event. All concur.