FRANKLAND et al. v. SCHOENFELD.

(Supreme Court, Appellate Term.　November 29, 1907.)

1. COURTS—MUNICIPAL COURTS—JUDGMENT—CORRECTION.

Where a verdict was erroneously recorded by the clerk for a less sum than that found by the jury, and judgment was entered for such sum, the court, upon proper notice to defendant, had power to correct the judgment, under Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, which provides for amending or correcting a judgment which is excessive or contrary to the evidence or to the law.

2. SAME—OBJECTIONS.

Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, provides for amending a judgment by the judge who presided at the trial, and specifies the time within which a motion to amend must be made; but, where such motion was not disposed of by the proper justice or filed within the proper time, the error in such procedure was waived by a failure to object on those grounds.

3. SAME—SUBSEQUENT PROCEEDINGS IN CAUSE.

Where defendant appealed from a judgment, and subsequently the court upon motion ordered the judgment increased in amount to conform to the verdict, and directed defendant to file and serve a new notice of appeal and a new undertaking, the order was too broad, since it rested with defendant whether he would appeal from the judgment as finally rendered, and, if he took such appeal, a new undertaking would necessarily follow if a stay of execution was desired.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Charles Frankland and another against Bernard Schoenfeld. From an order amending the judgment to conform to the verdict, defendant appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Levinson & Levinson, for appellant.

Edwin M. Otterbourg, for respondents.

GILDERSLEEVE, P. J.   The plaintiffs sued to recover damages for the failure of the defendant to deliver according to sample a quantity of embroidery.   The amount of damages proven upon the trial was the sum of $244.50, and the jury rendered a verdict of the plaintiffs for that amount.  ·After the verdict was announced, the clerk, instead of entering in his docket the sum found due the plaintiffs, recorded therein the sum of $224.50, and on April 7, 1907, judgment for that amount was rendered in favor of the plaintiffs.   From that judgment the defendant appealed by notice of appeal dated April 20, 1907.   Subsequently, and upon May 16, 1907, an order was made, ·upon notice to the defendant, amending the docket of the judgment by making the same read $244.50, instead of $224.50, and also directing that the defendant file and serve a new notice of appeal and a new undertaking.   The defendant by notice of appeal dated June 1, 1907, appealed from the order so amending the docket.

The court had power to amend and correct the judgment under the provisions of section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580).   Although the motion to amend was not argued before nor disposed of by the justice who tried the case, it does not appear that any objection was made thereto upon that ground; nor does the record disclose that any objection was urged that said motion was not made within the time required by said section 254 of the Municipal Court act, either by opposing affidavits or otherwise; neither is it urged in appellant's brief that the motion was not made before the proper justice or within the proper time.   Any such objection is therefore waived.   Scharmann & Sons v. Bard, 60 App. Div. 449, 69 N. Y. Supp. 1033; Fallon v. Crocicchia, 52 Misc. Rep. 503, 102 N. Y. Supp. 541.   The amendment of the docket, by the order aforesaid, necessarily amended the judgment, and from the judgment so amended and corrected no appeal appears to have been taken.   It may be said that the order was too broad, as the court below could not direct the giving of a new notice of appeal, as it rested with the defendant to determine whether or not he would appeal from the judgment as finally rendered, and, if such an appeal was taken, a new undertaking would necessarily follow if a stay of execution was desired.

Order modified, by striking therefrom the provision requiring the defendant to file a new notice of appeal and file and serve a new undertaking, and, as so modified, affirmed, with costs.   Appeal from the judgment dismissed.