### RUBIN v. FRIEDMAN.

(Supreme Court, Appellate Term. November 11, 1910.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—MOTION FOR NEW TRIAL.

Where no objection was made in the trial court that a motion for a new trial from a Municipal Court judgment was not made within five days, as required by Municipal Court Act (Laws 1902, c. 580) § 254, it could not be raised on appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COURTS (§ 189*)—MUNICIPAL COURTS—MOTION FOR NEW TRIAL—REQUISITE
—CASE MADE.
    Though a settled case is necessary on a motion for a new trial for
newly discovered evidence, it is not necessary on a motion on exceptions,
etc., as provided by Municipal Court Act (Laws 1902, c. 580) § 254.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—CASE MADE—NECESSITY.
    While Code Civ. Proc. § 999, requiring an appeal from an order grant-
ing a new trial to be made on a case settled, is made .inapplicable to
the Municipal Court by section 3347, subd. 7, yet where an appeal is
taken from an order granting a new trial, as authorized by Municipal
Court Act (Laws 1902, c. 580) § 254, a case must be settled under the
practice provided for by Code Civ. Proc. § 999.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Jacob Rubin, as administrator of the goods, chattels, and
credits of Pesach Rubin, deceased, against Max Friedman. From a
Municipal Court judgment, setting aside a judgment in favor of plain-
tiff and ordering a new trial, plaintiff appeals. Record returned.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Joseph Gans, for appellant.
Greenbaum & Rifkind, for respondent.

BIJUR, J. The plaintiff, as administrator, brought suit on a note
for $200 made by defendant to plaintiff's intestate. Defendant offered
evidence to prove payment of $175, and tendered payment of the re-
maining $25. The court, after a trial without a jury, found for the
plaintiff. A motion for a new trial was thereupon made, but not with-
in five days, as required by section 254 of the Municipal Court act
(Laws 1902, c. 580). As no objection was raised below on this point
by appellant, it cannot be raised now. See Fallon v. Crocicchia, 52
Misc. Rep. 503, 102 N. Y. Supp. 543.

Appellant's principal contention on this appeal is that the motion
was not made on a case made and settled; but, while a case is neces-
sary on a motion for a new trial on newly discovered evidence, it is
not necessary on a motion on exceptions, etc., under section 254 of the
Municipal Court act. Altmark v. Haimowitz, 55 Misc. Rep. 195, 105
N. Y. Supp. 205. On an appeal, however, it is evident that this court
cannot determine whether the order was properly made unless a suf-
ficient record is before it. While section 999 of the Code—which
requires an appeal from such an order in courts of record to be made
upon a case settled—is by section 3347, subd. 7, made inapplicable to
the Municipal Court, nevertheless we feel bound to hold that the same
practice must be followed. We have heretofore held (Altmark Case,
supra) that a motion for a new trial in the Municipal Court must, by
analogy with section 997 of the Code, be made upon a case settled;
and it seems to us that the same reasoning requires that the practice
provided for in section 999 be followed on appeal from an order made
under the corresponding section of the Municipal Court act, namely,
section 254.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The record is returned to the files of this court, and the appellant may procure a return from the judgment to be settled and filed and attached to the papers upon appeal, and renotice the appeal for argument. All concur.