(69 Misc. Rep. 619.)

## PRINSTEIN v. DE ROSA.

### (Supreme Court, Appellate Term.   December 8, 1910.)

1. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—JUDGMENT — DEFAULT — OPENING—TERMS.

   A clause, in an order opening a default judgment of the Municipal Court of New York, which permitted the judgment to stand as security, was unauthorized.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—POWERS—VACATING DEFAULT JUDGMENT.

   The Municipal Court has no power to vacate an order opening a default judgment, made pursuant to Municipal Court Act (Laws 1902, c. 580) § 253, authorizing a justice of that court to open a default upon such terms as it deems proper.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. JUDGMENT (§ 173*)—DEFAULT—OPENING—GROUNDS.

   While an order opening a default judgment may be vacated for noncompliance with a legal condition imposed for opening the default, noncompliance with a stipulation of an agreement for an adjournment, granted after the opening of the default, by which defendant was required to give an undertaking with two sufficient sureties, was not ground for vacating the order opening the default.

   [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 173.*]

4. COURTS (§ 187*)—MUNICIPAL COURT—POWERS.

   The Municipal Court has no inherent powers and must act throughout pursuant to express statutory authority.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 187.*]

5. COURTS (§ 189*)—VACATING DEFAULT JUDGMENT.

   Municipal Court rule 9, permitting motions to be brought on for hearing on not less than three days' notice, only authorizes such motions as the Municipal Court act permits to be made, and not any motion at any time, so that the court had no power thereunder, or under any provision of the Municipal Court act, to allow a motion to vacate an order vacating a default judgment pending an adjournment of the case after the default was opened, even for noncompliance with the agreement for adjournment.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

6. COURTS (§ 190*)—NEW YORK MUNICIPAL COURT—ORDERS APPEALABLE—ORDER OPENING DEFAULT—VACATION.

   An order of the Municipal Court vacating an order opening a default judgment is not appealable even though unauthorized.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Myer Prinstein against Frank De Rosa. From an order vacating the approval of an undertaking for adjournment and vacating an order opening a default judgment against defendant, defendant appeals. Appeal dismissed.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

K. Henry Rosenberg, for appellant.
Milton S. Hoffman, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    126 N.Y.S.—7

PLATZEK, J. The facts in this case are not disputed. On March 8, 1910, the plaintiff recovered a judgment against the defendant by default. Subsequently this default was opened, and the case set down for trial; the judgment to stand as security. The case came on for trial on June 30, 1910, and the defendant requested an adjournment until September 22d. The parties thereupon entered into a written stipulation regarding the adjournment. This stipulation is not contained in the record, but the order appealed from states it to be as follows:

"It was agreed, as a condition for the granting of an adjournment of the trial of this action to September 22, 1910, that the defendant file with the clerk of this court an undertaking with two good and sufficient sureties conditioned for the payment of any judgment which the plaintiff might finally recover in the action."

The time in which the defendant was to furnish said undertaking was first fixed as July 5th and later extended until July 7th, and on that day the defendant filed an undertaking with the clerk and it was approved by the justice. It appears that a notice requiring the sureties in the undertaking to justify was disregarded, and that the defendant's attorney either refused to permit or that the sureties failed to appear for justification, and the plaintiff thereupon instituted a search into their responsibility. He testifies in an affidavit used upon the motion, resulting in the order appealed from, in substance, that he found the sureties irresponsible and insufficient to respond to any judgment, and alleges that their statement made under oath and attached to the undertaking was false and untrue. Plaintiff's attorney thereupon moved for, as was stated in the notice of motion, "final judgment herein," and for such other and further relief, etc. Upon the hearing of this motion the defendant disclaimed any knowledge as to the responsibility of the sureties and asserted that they were obtained in good faith and in a belief of their solvency and offered to furnish a new undertaking to secure the payment of any judgment that might be obtained against them. The justice in the court below, however, made an order vacating the approval of the undertaking, and also ordered that:

"The order heretofore made herein and entered in the office of the clerk of this court opening the default of the defendant be and the same is hereby and in all respects vacated and set aside."

The order also imposed $5 costs of the motion. This order is appealed from.

So far as this order purports to vacate the order opening the default of the defendant, it is unauthorized. The default had been opened by the exercise of the power given to a Municipal Court or a justice thereof to open a default (section 253, Municipal Court Act [Laws 1902, c. 580]), and, although the order contained an unauthorized clause, permitting the judgment to stand as security (Dorfman v. Hirschfield, 53 Misc. Rep. 538, 103 N. Y. Supp. 698), no appeal had been taken therefrom, and the defendant had consented thereto by acquiescence therein. If a legal condition for opening the default had been imposed, noncompliance therewith would have authorized

an order vacating the order opening such default (Koronsky v. Greenberg, 136 App. Div. 644, 121 N. Y. Supp. 358), but such was not the fact, and noncompliance with the terms agreed upon, as a condition for granting an adjournment, was no reason for vacating the order opening the default, even if the justice had power so to do, which, clearly, he had not (Colwell v. N. Y., N. H. & H. R. R. Co., 57 Misc. Rep. 623, 108 N. Y. Supp. 540; Steinman v. Blumenfeld, 61 Misc. Rep. 220, 113 N. Y. Supp. 550). Moreover, a stipulation had been entered into and the trial of the action had been adjourned until September 22d.

A case in the Municipal Court after issue is joined must be placed upon the calendar of reserved causes, or it must be adjourned for a day certain for trial. That the Municipal Court is a creature of the statute, that it has no inherent powers, takes nothing by implication, and must show authority for every step taken, is too well known and is supported by such an abundance of authority as to need no citation thereof. Any motion affecting a case on the calendar of that court, made at a time other than when the case is actually before the court upon the return day or some adjourned day, must have statutory authority for the making. It is true that rule 9 of the Municipal Court provides that "motions may be brought on for hearing on not less than three days' notice," etc.; but that simply applies to such motions as the Municipal Court act specifically gives a party authority to make and cannot be construed to give authority to make any motion respecting the case at any time. We know of no provision in the Municipal Court act which authorizes a motion of this character to be made at any time, even assuming power in the court to make the order, much less during the time intervening the dates of adjournment.

The Municipal Court is not, like a court of record, open at all times for the hearing of motions affecting actions pending therein, and motions can be made and heard in inferior courts only at times pointed out by statute or when the cause is actually before the court for hearing. The court below was, therefore, without jurisdiction to entertain the motion. Whether or not the court or the justice could have entertained a motion to vacate the undertaking and set the case down for trial at an earlier date than September 22d need not now be determined. It does not appear that either party appeared upon September 22d, the day fixed for trial, nor what disposition was made of the case upon that day.

The order made herein, although unauthorized, is nonappealable (Speigelman v. Union Ry. Co., 95 App. Div. 92, 88 N. Y. Supp. 478), and the legal status of the case seems to be this. The plaintiff's judgment stands in force, but with the default of the defendant opened and he entitled to a trial.

The appeal will be dismissed, without costs, and a trial ordered of the issues. All concur.